## STATE OF CONNECTICUT *v.* LONNIE WALTON
## (10492)

FOTI, HEIMAN and CRETELLA, Js.

Argued November 29, 1993—decision released May 3, 1994

*Estela I. Velez,* certified legal intern, with whom were *Todd D. Fernow,* and, on the brief, *Michael Taylor,* certified legal intern, for the appellant (defendant).

*Frederick W. Fawcett,* assistant state's attorney, with whom, on the brief, were *Donald A. Browne,* state's attorney, and *C. Robert Satti, Jr.,* assistant state's attorney, for the appellee (state).

FOTI, J. The defendant appeals from the judgment of conviction, rendered after a jury trial, of robbery in the first degree in violation of General Statutes § 53a-134 (a) (2),[1] and attempted assault in the first degree in violation of General Statutes §§ 53a-8,[2] 53a-49[3] and 53a-59 (a) (1).[4] On appeal, the defendant asserts that (1) the charging document failed to set forth each essential element of the crimes charged, thereby depriving the court of jurisdiction, (2) there was insufficient evidence to sustain the convictions, and (3) the trial court improperly instructed the jury. We affirm the judgment of the trial court.

[1] General Statutes § 53a-134 provides in pertinent part: "(a) A person is guilty of robbery in the first degree when, in the course of the commission of the crime of robbery as defined in section 53a-133 or of immediate flight therefrom, he or another participant in the crime . . . (2) is armed with a deadly weapon . . . ."

[2] General Statutes § 53a-8 provides in pertinent part: "(a) A person, acting with the mental state required for commission of an offense, who solicits, requests, commands, importunes or intentionally aids another person to engage in conduct which constitutes an offense shall be criminally liable for such conduct and may be prosecuted and punished as if he were the principal offender."

[3] General Statutes § 53a-49 provides in pertinent part: "(a) A person is guilty of an attempt to commit a crime if, acting with the kind of mental state required for the commission of the crime, he: (1) Intentionally engages in conduct which would constitute the crime if attendant circumstances were as he believes them to be . . . ."

[4] General Statutes § 53a-59 provides in pertinent part: "(a) A person is guilty of assault in the first degree when: (1) With intent to cause serious physical injury to another person, he causes such injury to such person or to a third person by means of a deadly weapon or a dangerous instrument . . . ."

The defendant was found not guilty of carrying a pistol without a permit in violation of General Statutes §§ 29-35 and 29-37 (b).

The jury reasonably could have found the following facts. On the morning of June 2, 1990, the defendant and a second male approached the victim, Angel Perez, as he was getting out of his automobile in Bridgeport. The second male pointed a gun at Perez and demanded his car key. When Perez refused, he was told by the defendant to "give it to him or we will shoot you." Perez relinquished his car key and was told to sign over the title to the car or he would be shot. Perez agreed to do as commanded if they would allow him to remove some cans that he had collected for deposit money and stored in plastic bags in the car. While doing so, Perez pulled out a metal rod and hit the second male in the face several times. Perez then fled and was shot at by the second male. The defendant and the second male fled.

The police arrived and began a search of the area. The two assailants were observed walking together a short distance away and an officer ordered them to stop. The second male pulled a handgun from his waistband, handed it to the defendant, and fled. The defendant was seized. Shortly thereafter, Perez identified the defendant as one of the two men who had robbed him.

I

The defendant first claims that the information under which he was tried and convicted failed to charge him with all the essential elements of the two offenses. On April 10, 1991, the state filed a substitute long form information replacing an earlier long form information and the original short form information.[5] At no time

---

[5] The substitute long form information dated April 10, 1991, charged in pertinent part as follows:

"[T]hat at the City of Bridgeport, Fairfield County, on the 2nd day of June 1990, at or about 6:30 a.m. outside 202 Maplewood Avenue, Bridgeport, the said LONNIE WALTON stole certain property from one ANGEL A. PEREZ, to wit: personal property, and in the course of the commission

had the defendant requested either that a bill of particulars or a long form information be filed.[6]

The defendant claims that the first count of the information failed to commit the state to proving that a larceny occurred by the use or threatened use of force. As to the second count, the defendant claims the information failed to commit the state to proving that the defendant possessed the mental state required for the commission of aiding in attempted assault. The defendant argues that because the information failed to charge all the essential elements of the crimes, the trial court lacked subject matter jurisdiction and should have sua sponte set aside the convictions and dismissed the offenses.[7] We do not agree.

The sixth amendment to the United States constitution and article first, § 8, of the Connecticut constitution guarantee that a criminal defendant has the right to be informed of the nature and the cause of the charge or charges brought against him with sufficient precision to enable him to meet them at trial. *State* v. *Kyles,*

of the crime he or another participant was armed with a deadly weapon, to wit: a pistol, in violation of Section 53a-134 (a) (2) of the Connecticut General Statutes.

"AND SAID STATE'S ATTORNEY FURTHER ACCUSES the said LONNIE WALTON with the crime of ATTEMPTED ASSAULT IN THE FIRST DEGREE and charges that at the City of Bridgeport, Fairfield County, on the 2nd day of June, 1990, at or about 6:30 a.m. outside 202 Maplewood Avenue, Bridgeport, the said LONNIE WALTON did intentionally aid John Doe, while the latter, with intent to cause serious physical injury to ANGEL A. PEREZ, did attempt to cause serious physical injury to the said ANGEL A. PEREZ, by means of a deadly weapon, to wit: a pistol, in violation of Section 53a-8, Section 53a-49 and Section 53a-59 (a) (1) of the Connecticut General Statutes."

[6] It was represented at oral argument that it is a policy of the state's attorney for the judicial district of Fairfield to file a long form information in all matters, even absent a request.

[7] Although raised for the first time on appeal, "[o]nce the question of lack of jurisdiction of a court is raised, '[it] must be disposed of no matter in what form it is presented.' *Carten* v. *Carten,* 153 Conn. 603, 610, 219 A.2d 711 (1966)." *Cross* v. *Hudon,* 27 Conn. App. 729, 732, 609 A.2d 1021 (1992).

221 Conn. 643, 652, 607 A.2d 355 (1992). If the information was sufficient to allow the defendant to prepare his defense, to avoid prejudicial surprise, and to enable him to plead his acquittal or conviction in bar of any future prosecution for the same offense, then it has fulfilled its constitutional purpose. *State* v. *Spigarolo,* 210 Conn. 359, 381, 556 A.2d 112, cert. denied, 493 U.S. 933, 110 S. Ct. 322, 107 L. Ed. 2d 312 (1989).

In Connecticut, " 'it is sufficient for the state to set out in the information the statutory name of the crime with which the defendant is charged, leaving to the defendant the burden of requesting a bill of particulars more precisely defining the manner in which the defendant committed the offense.' . . ." (Citations omitted.) *State* v. *Vincent,* 194 Conn. 198, 205, 479 A.2d 237 (1984), quoting *State* v. *Ruiz,* 171 Conn. 264, 270, 368 A.2d 222 (1976).

"When reviewing a claim, not raised prior to the verdict, that an information fails to charge all the essential elements of an offense, we must construe the information liberally in favor of the state. . . . [A] conviction based upon a challenged information is valid unless the information is so obviously defective that by no reasonable construction can it be said to charge the offense for which conviction was had." (Citations omitted; internal quotation marks omitted.) *State* v. *McMurray,* 217 Conn. 243, 250, 585 A.2d 677 (1991).

The original short form information set forth the crimes with which the defendant was charged by name and statutory references. The information was sufficient, therefore, to invoke the jurisdiction of the court. *State* v. *Crosswell,* 223 Conn. 243, 267, 612 A.2d 1174 (1992); see also *State* v. *Ruiz,* supra, 171 Conn. 270. The defendant concedes that the short form information originally filed put the defendant "on notice that

he was being charged with all statutory alternative theories available for each offense." The defendant argues, however, that by subsequently filing a long form information the court was deprived of jurisdiction. There is nothing in the record that would bring us to conclude that the court lost its jurisdiction by the filing of a substitute long form information. There was no jurisdictional defect.

Further, the substitute long form information did not fail to charge an essential element of the crimes. In both counts of the information not only was the statutory name of the offense provided, but also the place, the date, the time, the general nature of the acts, and the name of the victim. The information was, at most, imprecisely drafted. It did not completely omit to charge an essential element of the offenses charged. *State* v. *McMurray,* supra, 217 Conn. 252–53.[8]

## II

The defendant next contends that there was insufficient evidence to sustain either conviction. He contends that the state, by filing the substitute long form information, committed itself to proving its case in the manner described in the information. The defendant argues

[8] The defendant's claim must also fail because he has not shown prejudice. In reviewing the denial by the trial court of a motion for a bill of particulars, our Supreme Court stated: "A 'defendant can gain nothing from [the claim that the pleadings are insufficient] without showing that he was in fact prejudiced in his defense on the merits and that substantial injustice was done to him because of the language of the information. . . .' " (Citations omitted.) *State* v. *Spigarolo,* supra, 210 Conn. 382; see also *State* v. *Kyles,* supra, 221 Conn. 653.

Here, the defendant did not request a bill of particulars or object to the substitute information. "If the defendant was not satisfied with the [information] as filed, he could have asked for a further bill [of particulars] and an amended or substitute information. . . . The defendant has not, as he must, demonstrated that he was in fact prejudiced in his defense on the merits and that substantial injustice was done to him because of the language of the state's pleadings. . . ." (Citations omitted.) *State* v. *Roque,* 190 Conn. 143, 156, 460 A.2d 26 (1983).

that because he was charged as a principal on the robbery count, the state must prove that he "stole" property from the victim in that he "physically seized, held, grasped, clutched, scratched or otherwise touched the victim's property unlawfully." The defendant claims that the absence of such proof requires a judgment of acquittal on the charge of robbery in the first degree. He also alleges that the state failed to prove that he engaged in any conduct, intentional or otherwise that in fact aided the second male's act of attempted assault. He argues that the state did not prove the actus reus and, therefore, the second count must also be dismissed.

When reviewing sufficiency of the evidence claims, we employ a two part analysis. First, we construe the evidence in the light most favorable to sustaining the verdict. *State* v. *Salz,* 226 Conn. 20, 31, 627 A.2d 862 (1993). Second, we " 'determine whether, from that evidence and all the reasonable inferences which it yields, a [trier of fact] could reasonably have concluded that the defendant was guilty beyond a reasonable doubt.' " *State* v. *Hooks,* 30 Conn. App. 232, 238, 619 A.2d 1151 cert. denied, 225 Conn 915, 623 A.2d 1025 (1993); *State* v. *Salz,* supra, 31. "In this process of review, it does not diminish the probative force of the evidence that it consists, in whole or in part, of evidence that is circumstantial rather than direct." (Internal quotation marks omitted.) *State* v. *Salz,* supra, 31. "The issue is whether the cumulative effect of the evidence was sufficient to justify the verdict of guilty beyond a reasonable doubt." *State* v. *Ruscoe,* 212 Conn. 223, 245, 563 A.2d 267 (1989), cert. denied, 493 U.S. 1084, 110 S. Ct. 1144, 107 L. Ed. 2d 1049 (1990).

The trial court instructed the jury on accessorial liability. Those instructions were incorporated into the charge on robbery in the first degree. The defendant did not object to the substance of the accessory instruction as given by the court, but only to the application

of the instruction to the robbery count because he claimed the state was limited by its information charging him as a principal. There was no exception taken to the accessory instruction as given on the assault charge.

" 'Under Connecticut law, a defendant may be convicted as an accessory even though he was charged only as a principal as long as the evidence presented at trial is sufficient to establish accessorial conduct.' " *State* v. *Williams,* 220 Conn. 385, 388, 599 A.2d 1053 (1991), quoting *State* v. *Fleming,* 198 Conn. 255, 268 n.15, 502 A.2d 886, cert. denied, 475 U.S. 1143, 106 S. Ct. 1797, 90 L. Ed. 2d 342 (1986). There is no crime in this state of "being an accessory," but rather the accessory statute, General Statutes § 53a-8,[9] merely provides an alternative theory under which liability for the underlying substantive crime may be proved. *State* v. *Gamble,* 27 Conn. App. 1, 9, 604 A.2d 366, cert. denied, 222 Conn. 901, 606 A.2d 1329 (1992). "[T]here is no practical significance in being labeled as an 'accessory' or a 'principal' for the purpose of determining criminal responsibility." *In re Luis R.,* 204 Conn. 630, 637, 528 A.2d 1146 (1987). A defendant, charged with an offense, is on notice that he may be convicted as an accessory to that offense. *State* v. *Steve,* 208 Conn. 38, 43–44, 544 A.2d 1179 (1988); *State* v. *Hopkins,* 25 Conn. App. 565, 569, 595 A.2d 911, cert. denied, 220 Conn. 921, 597 A.2d 342 (1991). The state was not limited to proving that the defendant committed robbery as a principal.

The defendant also asserts, as to both crimes, that the state failed to prove the necessary elements of accessorial liability—that he had both the intent to aid the principal and the intent to commit the offense with

---

[9] See footnote 2.

which the principal was charged. Further, he contends that there was no showing that he actually engaged in some conduct that did in fact aid the principal.

"To act as an accessory pursuant to § 53a-8, one must act 'with the mental state required for the commission of the offense . . . . ' The mental state required to commit robbery in the first degree is the intent to commit larceny and to do so by the use of force or the threatened use of immediate force for the purpose of: (1) preventing or overcoming resistance to the taking of property or to the retention thereof immediately after the taking; or (2) compelling the owner of such property or another person to deliver up the property or to engage in other conduct that aids in the commission of the larceny. General Statutes § 53a-133. Moreover, for conduct to be intentional, it must be one's conscious objective to cause the result or to engage in such conduct. General Statutes § 53a-3 (11)." *State* v. *Avila,* 223 Conn. 595, 603–604, 613 A.2d 731 (1992).

"In order to convict the defendant as an accessory to attempted assault, the state had to prove that the defendant solicited, requested, commanded, importuned or intentionally aided the principal to engage in conduct constituting an offense and that the defendant acted with the intent to commit the offense. General Statutes § 53a-8 . . . . The crime of attempted assault requires proof of intent to cause serious physical injury. General Statutes § 53a-59 (a) (1). Intent can be inferred from the defendant's verbal or physical conduct and the surrounding circumstances." (Citations omitted.) *State* v. *Russell,* 29 Conn. App. 59, 64–65, 612 A.2d 809, cert. denied, 224 Conn. 908, 615 A.2d 1049 (1992).

Our review of the record shows that the evidence presented at trial and the inferences that reasonably could be drawn from that evidence were sufficient to have

allowed the jury reasonably to conclude that the cumulative effect established the defendant's guilt of both of the charged crimes beyond a reasonable doubt. The defendant's actions reasonably could have led the jury to disbelieve his contention that he was coerced by the second male into being present at the scene and was only an inactive participant. The defendant accompanied the second male, who had a gun and who demanded the victim's car key. The defendant told the victim, "Give it to him or *we* will shoot you." (Emphasis added.) *Both* the defendant and the second male blocked the victim, preventing his escape. The defendant verbally assisted in the search for the title to the vehicle by instructing the second male to look in the glove compartment. When the two perpetrators fled, the *defendant* said to the second male, "Come on let's go, let's go," and then they left the scene together.

"The intent of the actor is a question for the trier of fact, and the conclusion drawn by the trier in this regard should stand unless it is an unreasonable one." *State* v. *Holley,* 174 Conn. 22, 26, 381 A.2d 539 (1977). It is not our function to determine if the jury was correct in its evaluation of the various witnesses. *State* v. *Robinson,* 213 Conn. 243, 256–57, 567 A.2d 1173 (1989). The evidence was sufficient to convict the defendant.

## III

The defendant's final claim is that the trial court improperly instructed the jury. The defendant claims that the trial court improperly expanded the charge to include accessorial liability as a basis for the robbery conviction. The defendant alleges that the state affirmatively charged him in the substitute information as a principal and that he was entitled to rely on being charged as a principal. He argues that because the court did not instruct in substantial conformity with that

allegation, the instructions were improper, and, therefore, he is entitled to a new trial on the robbery charge.

As discussed previously, the defendant, having been charged with one crime, as principal, was on notice that he may be convicted as an accessory to that crime.[10] Since the evidence in the state's case-in-chief was sufficient to prove that the defendant had acted as an accomplice, and absent a request for a bill of particulars, we conclude that the court's instructions concerning accessorial liability were proper.

The defendant relies heavily on *State* v. *Steve,* supra, 208 Conn. 38, for his claim that the trial court improperly expanded the robbery charge. *Steve* is distinguishable. In *Steve* there was a bill of particulars that limited the state " 'to proving that the defendant ha[d] committed the offense in substantially the manner described.' " Id., 44.[11] In addition, as the court noted that "[i]t is significant that the state presented no evidence in its case-in-chief suggesting that the defendant had acted as an accomplice." Id., 46. In the present case, no bill of particulars was ever requested, and the state's case-in-chief presented substantial evidence demonstrating that the defendant's actions were those of an accomplice.[12]

---

[10] Because the defendant's conviction under either theory of liability is sufficient to bar reprosecution, the defendant must demonstrate that the court's instructions to the jury were deficient in some manner so as to cause him prejudicial surprise or to affect detrimentally the presentation of his defense. *State* v. *Marra,* 222 Conn. 506, 528, 610 A.2d 1113 (1992), citing *State* v. *Franko,* 199 Conn. 481, 490, 508 A.2d 22 (1986). The defendant has made no showing that he was unfairly surprised by the trial court's instruction. Evidence supporting the theory of accessorial liability was introduced by the state without objection from the defendant. The defendant has not demonstrated that he was burdened in the presentation of his defense.

[11] The court in *Steve* itself noted the significance of the bill of particulars as a distinguishing element of the case. *State* v. *Steve,* supra, 208 Conn. 45 n.4.

[12] In addition, in *Steve,* the bill of particulars charged that the defendant *alone* committed the acts claimed to comprise the robbery and the assault.

The defendant also alleges that the trial court's instructions misled the jury and that there was a reasonable possibility that the defendant was convicted without proof beyond a reasonable doubt of each essential element of the crimes charged. The court fully instructed the jury on the elements of larceny, the elements of assault in the first degree, and the specific intent necessary to find the defendant guilty under theories of accessorial liability.[13]

In the present matter, the charging document clearly charged that the crime was committed while "he *or another participant* was armed with a deadly weapon." (Emphasis added.)

[13] The court instructed as follows: "Now to summarize as to the crime of larceny. Although he's not being charged with larceny, larceny must be proven to have been involved to justify a finding of guilty of robbery.

"But to summarize then, in order for you to be satisifed that the defendant or a participant in the actions committed the larceny, you must be satisfied beyond a reasonable doubt that Mr. Walton *or the participant* had the intention to deprive another of property or to appropriate it to himself or to someone else—that they were acting with that intent, [and] that while acting with that intent they wrongfully took, obtained or withheld property from the owner." (Emphasis added.)

The court also instructed on the assault count: "Now, a person is guilty of assault in the first degree when, first with intent to cause serious physical injury to another person, he causes such injury to such person by means of a deadly weapon.

"Actual physical injury must be inflicted to constitute an assault. A criminal assault can never consist of mere words or threats or even such words or threats accompanied by the immediate ability to consummate and effectuate the threat.

"In order for you to find the defendant guilty of this offense the State must prove beyond a reasonable doubt the following elements.

"First, that the defendant intended to cause serious physical injury to another person by means of a deadly weapon, and second, that the defendant did so with specific intent to cause such injury to that person.

"Putting that in terms of what we have, in the evidence we have in this case, the State would have to prove that Mr. Walton *or* [the second male] intended to cause serious physical injury to another person by means—to Mr. Perez—by means of a deadly weapon, to wit: the pistol.

"And secondly, that the defendant or [the second male] did so with the specific intent to cause such injury to that person." (Emphasis added.)

In a supplemental instruction the court stated: "Now, we're dealing with charges here that the—on the Robbery and on the Assault charge . . . where the defendant is being charged, in effect, as a participant in the com-

As we have previously noted, the defendant did not object to the substance of the accessory instruction as given by the court. He objected only to the application of that charge to the robbery count.

"When reviewing the court's instruction, our role is to determine whether, taken as a whole, [it] fairly and adequately present[s] the case to a jury in such a way that injustice is not done to either party under the established rule of law. . . . If injustice was done, [t]he defendant is entitled to a new trial in such circumstances . . . where he can show that prejudice resulted from the court's actions." (Citations omitted; internal quotation marks omitted.) *State* v. *Lee,* 32 Conn. App. 84, 104–105, 628 A.2d 1318, cert. denied, 227 Conn. 924, 632 A.2d 702 (1993). We must view the overall charge and not judge any portion in artificial isolation. *State* v. *Falcon,* 26 Conn. App. 259, 269, 600 A.2d 1364 (1991), cert. denied, 221 Conn. 911, 602 A.2d 10 (1992). An error in the charge requires reversal only if, in the context of the whole instruction, there is a reasonable possibility that the jury was misled in reaching its verdict. *State* v. *Bailey,* 209 Conn. 322, 338, 551 A.2d 1206 (1988); *State* v. *Kwaak,* 21 Conn. App. 138, 160–61, 572 A.2d 1015, cert. denied, 215 Conn. 811, 576 A.2d 540 (1990).

---

mission of the crimes. And at times when I am using the term 'defendant' it often should be interchanged with the word 'person' because we're not always—he's not actually charged with having specifically done certain acts, but that he, in participation with another who may have committed those acts. The State believes it has presented evidence that would prove him to be as culpable as the person who actually committed the acts.

"So, if I had at any time only utilized the phrase or the term 'defendant' when it could be interchanged with the word 'person,' you have to do that for me in your deliberations. And I think you understand that. And throughout all you have to keep in mind the law relating to participants in crime and the elements that were required for you to determine whether or not the State proved beyond a reasonable doubt that the defendant was, in fact, a participant in the actions of another person that may have—that may have constituted criminal behavior."

Our review of the charge and the supplemental instruction in its entirety clearly establishes that it is not reasonably possible that the jury was misled by the challenged instruction. The trial court properly explained the element of intent required to find the defendant an accessory, as well as the underlying intent necessary to establish the specific charges of robbery and attempted assault.

The judgment is affirmed.

In this opinion the other judges concurred.