LONNIE WALTON *v.* COMMISSIONER OF CORRECTION
(AC 18572)

Foti, Schaller and Mihalakos, Js.

Argued October 21, 1999—officially released May 2, 2000

*Del Atwell,* special public defender, for the appellant (petitioner).

*Richard F. Jacobson,* special assistant state's attorney, for the appellee (respondent).

*Opinion*

SCHALLER, J. The petitioner, Lonnie Walton, appeals from the judgment of the habeas court dismissing his amended petition for a writ of habeas corpus. On appeal, the petitioner claims that his attorney (1) improperly proceeded to trial and sentencing despite being aware of a conflict of interest and (2) failed to provide effective assistance of counsel in several respects, namely, that his attorney failed to file a motion for a bill of particulars, to conduct an adequate investigation and to object to an improper jury instruction.[1] We affirm the judgment of the habeas court.

The relevant facts and procedural history necessary to the resolution of this appeal are set forth in *State v. Walton,* 34 Conn. App. 223, 225, 641 A.2d 391, cert. denied, 230 Conn. 902, 644 A.2d 916 (1994). "On the morning of June 2, 1990, the [petitioner] and a second male approached the victim, Angel Perez, as he was getting out of his automobile in Bridgeport. The second male pointed a gun at Perez and demanded his car key. When Perez refused, he was told by the [petitioner] to

[1] The petitioner also claims that trial counsel failed to move for a mistrial on the basis of a conflict of interest. In light of our disposition of the petitioner's first claim, we need not address this issue.

'give it to him or we will shoot you.' Perez relinquished his car key and was told to sign over the title to the car or he would be shot. Perez agreed to do as commanded if they would allow him to remove some cans that he had collected for deposit money and stored in plastic bags in the car. While doing so, Perez pulled out a metal rod and hit the second male in the face several times. Perez then fled and was shot at by the second male. The [petitioner] and the second male fled.

"The police arrived and began a search of the area. The two assailants were observed walking together a short distance away and an officer ordered them to stop. The second male pulled a handgun from his waistband, handed it to the [petitioner], and fled. The [petitioner] was seized. Shortly thereafter, Perez identified the [petitioner] as one of the two men who had robbed him."

Following a jury trial, the petitioner was convicted of robbery in the first degree in violation of General Statutes § 53a-134 (a) (2) and attempt to commit assault in the first degree in violation of General Statutes §§ 53a-8, 53a-49 and 53a-59 (a) (1).

The habeas court made the following additional findings of fact. At trial, the petitioner claimed that he was coerced into committing the crimes by an unidentified assailant and that he was not a willing participant. In December, 1990, approximately four months prior to the commencement of trial, trial counsel first became aware of the existence of the unknown assailant. At that time, the petitioner claimed that he saw the unknown assailant at the Bridgeport correctional center. Upon learning this information, counsel contacted the warden in an effort to obtain a photographic spread of the inmates located in the cell block at that time. As a result of the warden's refusal to produce the photographs, counsel subpoenaed the warden and demanded the production of the photographs. The warden filed a motion

to quash the subpoena, which subsequently was denied after a hearing. The warden was required to produce photographs of all of the inmates located in the Bridgeport facility on April 19, 1990, for the inspection and review by the petitioner. After reviewing the photographs, the petitioner was unable to identify the person whom he claimed coerced him into committing the crime. Sometime after the petitioner's sentencing, the petitioner learned that the name of the person whom he claimed coerced him was Charles Carr. From September 25, 1990, to March 31, 1991, Carr, who was incarcerated on unrelated charges, was represented by a public defender in the same office as the petitioner's trial counsel.

Subsequent to the disposition of his direct appeal,[2] the petitioner filed an amended petition for a writ of habeas corpus, raising multiple allegations of ineffective assistance of trial counsel. The habeas court dismissed the petitioner's petition, finding that the petitioner was not denied the effective assistance of counsel. This appeal followed.

At the outset, we note that, in considering a habeas corpus appeal, "[t]he underlying historical facts found by the habeas court may not be disturbed unless the findings were clearly erroneous. . . . Historical facts constitute a recital of external events and the credibility of their narrators. So-called mixed questions of fact and law, which require the application of a legal standard to the historical-fact determinations, are not facts in this sense. . . . Whether the representation a defendant received at trial was constitutionally inadequate

---

[2] On direct appeal, the petitioner had maintained that "(1) the charging document failed to set forth each essential element of the crimes charges, thereby depriving the court of jurisdiction, (2) there was insufficient evidence to sustain the convictions, and (3) the trial court improperly instructed the jury." This court affirmed the judgment of the trial court. *State* v. *Walton*, supra, 34 Conn. App. 224.

is a mixed question of law and fact. . . . As such, that question requires plenary review by this court unfettered by the clearly erroneous standard." (Citations omitted; internal quotation marks omitted.) *Copas* v. *Commissioner of Correction*, 234 Conn. 139, 152–53, 662 A.2d 718 (1995).

I

First, we consider the petitioner's claim that he was denied the effective assistance of counsel because of a conflict of interest. The petitioner maintains that he and Carr, the person whom he claims coerced him into committing the crimes, were represented for a period of approximately four months by attorneys in the same office of the public defender. The habeas court found this claim to be without merit because at the time of trial or sentencing, neither Carr's name nor his identity were known to the petitioner or his attorney. We agree with the determination of the habeas court.

"The sixth amendment to the United States constitution as applied to the states through the fourteenth amendment, and article first, § 8, of the Connecticut constitution, guarantee to a criminal defendant the right to effective assistance of counsel." *State* v. *Martin,* 201 Conn. 74, 78, 513 A.2d 116 (1986), citing *Powell* v. *Alabama*, 287 U.S. 45, 69, 53 S. Ct. 55, 77 L. Ed. 158 (1932); *Festo* v. *Luckart*, 191 Conn. 622, 626, 469 A.2d 1181 (1983). Akin to this right, "a criminal defendant is entitled to be represented by an attorney free from conflicts of interest." *State* v. *Webb*, 238 Conn. 389, 417, 680 A.2d 147 (1996); *Wood* v. *Georgia*, 450 U.S. 261, 271, 101 S. Ct. 1097, 67 L. Ed. 2d 220 (1981); *Glasser* v. *United States*, 315 U.S. 60, 70, 62 S. Ct. 457, 86 L. Ed. 680 (1942); *Festo* v. *Luckart*, supra, 626–27. The trial court retains "broad discretionary power [in determining] whether an attorney should be disqualified for an alleged . . . conflict of interest." (Internal quotation

marks omitted.) *State* v. *Webb*, supra, 417; *State* v. *Jones*, 180 Conn. 443, 448, 429 A.2d 936 (1980), overruled in part on other grounds, *State* v. *Powell*, 186 Conn. 547, 555, 442 A.2d 939, cert. denied sub nom. *Moeller* v. *Connecticut*, 459 U.S. 838, 103 S. Ct. 85, 74 L. Ed. 2d 80 (1982).

In a claim of ineffective assistance of trial counsel predicated on an alleged conflict of interest, the petitioner bears the burden of satisfying a two-pronged test enunciated by the United States Supreme Court in *Strickland* v. *Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). The petitioner must first demonstrate "that counsel actively represented conflicting interests and [second] that an actual conflict of interest adversely affected his lawyer's performance." (Internal quotation marks omitted.) *Phillips* v. *Warden*, 220 Conn. 112, 133, 595 A.2d 1356 (1991). To prevail, "the defendant need not establish actual prejudice. . . . Where there is an actual conflict of interest, prejudice is presumed because counsel [has] breach[ed] the duty of loyalty, perhaps the most basic of counsel's duties. Moreover, it is difficult to measure the precise effect on the defense of representation corrupted by conflicting interests." (Citation omitted; internal quotation marks omitted.) Id., quoting *Strickland* v. *Washington*, supra, 692.

In the present case, the habeas court determined that Carr, the person who allegedly coerced the petitioner into committing the crimes, "was not known to the petitioner or his counsel at the time of trial or sentencing."[3] It was not discovered until after trial and sentencing that the petitioner and Carr were both represented by the same office of the public defender for a four month period. Without a showing that the petitioner

[3] In his brief, the petitioner acknowledges that the issue requires "plenary review . . . unfettered by the clearly erroneous standard," thereby conceding that he is not attacking the findings of fact made by the habeas court.

or his attorney actually knew Carr's identity before sentencing, it is difficult to imagine how the attorney's duty of undivided loyalty to his client was compromised or how the petitioner's representation was jeopardized in any way. Indeed, for an attorney to actively represent conflicting interests, the attorney must be aware of at least both parties' names or some other type of identifying information. The petitioner has not demonstrated the existence of a conflict of interest, nor has he shown how the alleged conflict adversely affected counsel's representation of him.

## II

Next, the petitioner claims that he was denied the effective assistance of counsel because counsel failed to file a bill of particulars, conduct an adequate investigation, object to an improper jury instruction and move for a mistrial.[4] We will address each of these arguments in turn.

Initially, we note that to establish an ineffective assistance of counsel claim, the petitioner must satisfy the two-part test set forth in *Strickland* v. *Washington*, supra, 466 U.S. 687. To prevail, the petitioner must first "show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the [petitioner] must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the [petitioner] of a fair trial, a trial whose result is reliable." Id.; *Copas* v. *Commissioner of Correction*, supra, 234 Conn. 154; *Phillips* v. *Warden*, supra, 220 Conn. 132.

"In an appeal from the denial of a habeas writ, the burden imposed upon the petitioner is higher than that imposed on him in a direct appeal. In order to succeed

---

[4] See footnote 1.

in a claim of ineffective assistance of counsel, the petitioner must prove: (1) that his counsel's performance fell below the required standard of reasonable competence or competence displayed by lawyers with ordinary training and skill in the criminal law; and (2) that this lack of competence contributed so significantly to his conviction as to have deprived him of a fair trial." (Internal quotation marks omitted.) *Mercer* v. *Commissioner of Correction*, 51 Conn. App. 638, 641, 724 A.2d 1130, cert. denied, 248 Conn. 907, 731 A.2d 309 (1999); see *Strickland* v. *Washington*, supra, 466 U.S. 687; *Valeriano* v. *Bronson*, 209 Conn. 75, 85–86, 546 A.2d 1380 (1988); *Herbert* v. *Manson*, 199 Conn. 143, 144–45, 506 A.2d 98 (1986). "A reviewing court can find against the petitioner on whichever ground is easier." (Internal quotation marks omitted.) *Mercer* v. *Commissioner of Correction*, supra, 641; see *Nardini* v. *Manson*, 207 Conn. 118, 124, 540 A.2d 69 (1988).

"An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Strickland* v. *Washington*, supra, 466 U.S. 691. "It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding. Virtually every act or omission of counsel would meet that test . . . and not every error that conceivably could have influenced the outcome undermines the reliability of the result of the proceeding." (Citation omitted.) Id., 693. Rather, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id., 694; *Jenkins* v. *Commissioner of Correction*, 52 Conn. App. 385, 394, 726 A.2d 657, cert. denied, 249 Conn. 920, 733 A.2d 233 (1999).

## A

We first consider the petitioner's claim that his attorney improperly failed to file a motion for a bill of particulars. On the basis of the evidence, the habeas court concluded that the attorney acted competently under the circumstances by not requesting a bill of particulars because a long form information[5] was filed that adequately apprised the petitioner of the crimes being charged. We agree.

A bill of particulars operates "to inform the defendant of the charges against him with sufficient precision to enable him to prepare his defense and to avoid prejudicial surprise." *State* v. *Steve*, 208 Conn. 38, 44, 544 A.2d 1179 (1988); *State* v. *Roque*, 190 Conn. 143, 154, 460 A.2d 26 (1983). "A bill of particulars limits the state 'to proving that the defendant has committed the offense in substantially the manner described.' " *State* v. *Correa*, 241 Conn. 322, 341, 696 A.2d 944 (1997); *State* v. *Roque*, supra, 155; *State* v. *Ruiz*, 171 Conn. 264, 270, 368 A.2d 222 (1976).

Relying on *State* v. *Steve*, supra, 208 Conn. 38, the petitioner argues that a motion for a bill of particulars

[5] The substitute long form information charged in relevant part: "[T]hat at the City of Bridgeport, Fairfield County, on the 2nd day of June 1990, at or about 6:30 a.m. outside 202 Maplewood Avenue, Bridgeport, the said LONNIE WALTON stole certain property from one ANGEL A. PEREZ, to wit: personal property, and in the course of the commission of the crime he or another participant was armed with a deadly weapon, to wit: a pistol, in violation of Section 53a-134 (a) (2) of the Connecticut General Statutes.

"AND SAID STATE'S ATTORNEY FURTHER ACCUSES the said LONNIE WALTON with the crime of ATTEMPTED ASSAULT IN THE FIRST DEGREE and charges that at the City of Bridgeport, Fairfield County, on the 2nd day of June, 1990, at or about 6:30 a.m. outside 202 Maplewood Avenue, Bridgeport, the said LONNIE WALTON did intentionally aid John Doe, while the latter, with intent to cause serious physical injury to said ANGEL A. PEREZ, did attempt to cause serious physical injury to the said ANGEL A. PEREZ, by means of a deadly weapon, to wit: a pistol, in violation of Section 53a-8, Section 53a-49 and Section 53a-59 (a) (1) of the Connecticut General Statutes." (Internal quotation marks omitted.) *State* v. *Walton*, supra, 34 Conn. App. 225–26 n.5.

should have been filed because it would have provided him with additional information necessary to prepare an effective defense. In *Steve*, the defense counsel obtained a bill of particulars that charged the defendant with criminal liability for robbery in the first degree and assault in the first degree as a principal. Id., 41. The jury was instructed on accessorial liability, even though the bill of particulars set forth facts that were sufficient to support only the defendant's participation as a principal. Id., 41–43. In affirming our reversal of the trial court's judgment of conviction, our Supreme Court held that "the defendant was prejudiced in his defense as a result of a substantial variance between the allegations in the bill of particulars and the court's instructions concerning accessorial liability." Id., 45–46. Furthermore, the court found it "significant that the state presented no evidence . . . suggesting that the defendant had acted as an accomplice." Id., 46.

The petitioner's reliance on *Steve* is misplaced, as the facts in *Steve* differ significantly from those in the present situation. Unlike the situation in *Steve*, the state, in this instance, possessed substantial evidence as to the petitioner acting as either a principal or an accessory to the crimes. In fact, at trial, the petitioner even testified that he was present during the events but was an unwilling participant, not that he was not a participant at all. Moreover, the long form information afforded the petitioner the statutory sections of the crimes charged, the victim's name, the date and time of the crime, and the place at which it occurred. Hence, the petitioner was informed adequately of the charges against him "with sufficient precision to enable him to prepare his defense and to avoid prejudicial surprise . . . ." *State* v. *Sumner*, 178 Conn. 163, 168, 442 A.2d 299 (1979); see *Russell* v. *United States*, 369 U.S. 749, 82 S. Ct. 1038, 8 L. Ed. 2d 240 (1962).

Finally, the petitioner fails to satisfy the twofold standard set forth in *Strickland* for establishing an ineffective assistance of counsel claim. The petitioner has not demonstrated that his attorney's performance, in choosing not to file a motion for a bill of particulars, was deficient. The purpose behind the bill of particulars is to inform the defendant of the charges against him so as to avoid unfair surprise at the time of trial. Here, the actions of trial counsel did not fall below the level of unreasonableness because the long form information sufficiently informed the petitioner of the charges against him. Moreover, the petitioner has not shown that the defense of his case actually was prejudiced due to the alleged deficiency. Indeed, it would be sheer speculation to hold that the result of the trial would have been different had his attorney filed a motion for a bill of particulars.

B

The petitioner next claims that he was deprived of the effective assistance of trial counsel because his attorney failed to conduct an adequate investigation. The petitioner asserts that a witness in a gray pickup truck observed the incident and could testify that the petitioner was coerced into committing the crimes. Further, the petitioner maintains that despite the fact that he relayed this information to his attorney, his attorney made no effort to locate this witness. The habeas court concluded that the petitioner failed to satisfy either prong of the *Strickland* test for establishing an ineffective assistance claim. We agree.

Paramount to the effective assistance of counsel is the obligation by the attorney to investigate all surrounding circumstances of the case and to explore all avenues that may potentially lead to facts relevant to the defense of the case. *Siemon* v. *Stoughton*, 184 Conn. 547, 556 n.3, 440 A.2d 210 (1981); *Summerville* v. *War-*

*den,* 29 Conn. App. 162, 171, 614 A.2d 842 (1992), rev'd on other grounds, 229 Conn. 397, 641 A.2d 1356 (1994); *Ostolaza* v. *Warden,* 26 Conn. App. 758, 765, 603 A.2d 768, cert. denied, 222 Conn. 906, 608 A.2d 692 (1992). However, "counsel need not track down each and every lead or personally investigate every evidentiary possibility before choosing a defense and developing it." (Internal quotation marks omitted.) *Ostolaza* v. *Warden,* supra, 765.

In considering an ineffective assistance of counsel claim, "every effort [must] be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Strickland* v. *Washington,* supra, 466 U.S. 689; see also *Siemon* v. *Stoughton,* supra, 184 Conn. 555; *Summerville* v. *Warden,* supra, 29 Conn. App. 173; *Ostolaza* v. *Warden,* supra, 26 Conn. App. 765; *Chace* v. *Bronson,* 19 Conn. App. 674, 679, 564 A.2d 303, cert. denied, 213 Conn. 801, 567 A.2d 832 (1989). "Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." (Internal quotation marks omitted.) *Strickland* v. *Washington,* supra, 689.

Several additional findings made by the habeas court are relevant to our resolution of this matter. In its memorandum of decision, the court concluded that "[n]o evidence was produced to indicate how the petitioner expected trial counsel to determine who this individual was, if he, in fact, existed at all. . . . The petitioner presented no police report indicating the existence of this individual, no witness to corroborate his existence, nor any other evidence other than his testimony as to

the existence of this person. The court does not find this testimony credible." Furthermore, the court observed that the testimony of the petitioner's attorney indicated that he believed that his investigator had located the witness in question. This individual, Robert Hoffman, testified unfavorably for the defense at trial. We agree with the court that if the petitioner is claiming that there is yet another witness, then "the petitioner is demanding of his trial lawyer what can only be described as the impossible task of locating an individual with a limited description of him and no other leads as to his identity other than he was driving a gray pickup truck."

On the basis of the historical facts found by the habeas court, we hold that the petitioner has failed to satisfy either component of the *Strickland* test for establishing an ineffective assistance of counsel claim. See *Copas* v. *Commissioner of Correction*, supra, 234 Conn. 152. First, the petitioner has failed to demonstrate how his "counsel's performance was deficient." *Strickland* v. *Washington*, supra, 466 U.S. 687. It can hardly be deemed unreasonable performance on the part of an attorney when he is unable, due to the surrounding circumstances, to locate a particular witness. See *Summerville* v. *Warden*, supra, 29 Conn. App. 172–73. Here, the odds that the petitioner's attorney could locate a witness solely on the basis of the fact that such witness drives a gray pickup truck are, indeed, very slim, if not impossible. Second, the petitioner has not illustrated how his defense was prejudiced by this alleged deficiency. See *Strickland* v. *Washington*, supra, 687. There has been no showing that the outcome of the petitioner's criminal trial was adversely affected or that the result of his trial would have been different had his attorney located this witness. Further, we cannot speculate about the testimony of unknown witnesses. The petitioner, therefore, has failed to establish a claim of

ineffective assistance of counsel on the basis of a failure to investigate because he has not shown that his attorney's performance was deficient nor has he demonstrated that he was prejudiced by the claimed deficiency.

C

Next, the petitioner asserts that his counsel was ineffective because his attorney failed to object to an improper jury instruction. The petitioner appears to be claiming that the jury instruction on accessorial liability was incorrect. The petitioner has offered minimal analysis to support this claim.

In assessing the propriety of a jury instruction, we test whether a charge is "correct in law, adapted to the issues and sufficient for the guidance of the jury." *State* v. *Sumner*, supra, 178 Conn. 170; *Berniere* v. *Kripps*, 157 Conn. 356, 358, 254 A.2d 496 (1969). "The primary purpose of the charge is to assist the jury in applying the law correctly to the facts which [it] might find to be established. . . . The charge must go beyond a bare statement of accurate legal principles to the extent of indicating to the jury the application of those principles to the facts claimed to have been proven." (Citations omitted.) *State* v. *Sumner*, supra, 170–71.

Because the jury instruction was a correct statement of law as to accessorial liability; see *State* v. *Walton*, supra, 34 Conn. App. 236; the petitioner's attorney appropriately did not object to the instruction. See *Evans* v. *Commissioner of Correction*, 37 Conn. App. 672, 689–90, 657 A.2d 1115, cert. denied, 234 Conn. 912, 660 A.2d 354 (1995).

The judgment is affirmed.

In this opinion the other judges concurred.