MICHAEL CONSTANTOPOULOS *v.* COMMISSIONER
OF CORRECTION
(AC 16293)

Schaller, Dupont and Daly, Js.

Argued November 6, 1997—officially released March 3, 1998

*Todd A. Edgington,* assistant public defender, for the appellant (petitioner).

*Gerard P. Eisenman,* senior assistant state's attorney, with whom, on the brief, was *Richard F. Jacobson,* supervisory assistant state's attorney, for the appellee (respondent).

*Opinion*

SCHALLER, J. The petitioner appeals from the judgment of the habeas court dismissing his petition for a writ of habeas corpus in which he alleged ineffective assistance of trial counsel. After reviewing the record and briefs and hearing from the parties at oral argument, we conclude that the petitioner has failed to prove his claim.

The habeas court's dismissal of the petitioner's petition was predicated on a review of the petitioner's claims that his attorney failed (1) to ensure that the petitioner's guilty plea was voluntary, and (2) to assist the petitioner effectively in connection with his pro se motion to withdraw his guilty plea.

The following facts are relevant to this appeal. In February, 1989, when the petitioner was sixteen years old, he was involved in an ongoing dispute with some other young men in his Bridgeport neighborhood. The petitioner had been involved in several altercations with Reginald Hillyard and Chantel Gray. On February 2, 1989, Hillyard and Gray were in a car that struck the rear of the petitioner's car. Hillyard exited his car, threatened the petitioner and revealed that he was carrying a gun under his shirt. The petitioner drove away to avoid Hillyard, and a high speed car chase ensued on Interstate 95 between Bridgeport and South Norwalk. Upon returning to Bridgeport, the petitioner drove to

his residence. As he pulled into the driveway, he noticed that Hillyard and Gray were still in pursuit.

The petitioner and Hillyard got out of their cars and continued their argument. Hillyard shot at the petitioner, who returned the fire. Gray ran from the scene after the first shots were fired. The petitioner shot Hillyard five times, causing his death. Gray was later found shot to death approximately one-half mile from the petitioner's residence.

The petitioner was charged in a three count information with two counts of murder in violation of General Statutes § 53a-54a (a)[1] and one count of carrying a pistol without a permit in violation of General Statutes § 29-35.[2] The petitioner entered a plea of not guilty on all counts and the case proceeded to trial. The petitioner was represented at trial by attorney Raymond Ganim of Stratford. After the state presented all of its evidence and rested its case, the state and the petitioner engaged in plea bargaining. According to the agreement originally proposed, the petitioner would plead guilty to a substituted information charging one count of murder for the death of Hillyard, one count of manslaughter in the first degree in violation of General Statutes § 53a-55 (a) (3)[3] for the death of Gray, and one count of

[1] General Statutes § 53a-54a provides in relevant part: "(a) A person is guilty of murder when, with intent to cause the death of another person, he causes the death of such person or of a third person . . . .

"(c) Murder is punishable as a class A felony in accordance with subdivision (2) of section 53a-35a . . . ."

[2] General Statutes § 29-35 provides in relevant part: "(a) No person shall carry any pistol or revolver upon his person, except when such person is within his dwelling house or place of business, without a permit to carry the same issued as provided in section 29-28. . . ."

[3] General Statutes § 53a-55 provides in relevant part: "(a) A person is guilty of manslaughter in the first degree when . . . (3) under circumstances evincing an extreme indifference to human life, he recklessly engages in conduct which creates a grave risk of death to another person, and thereby causes the death of another person.

"(b) Manslaughter in the first degree is a class B felony."

carrying a pistol without a permit. In exchange, the state would argue for a capped thirty year sentence of imprisonment. The state did not agree to this arrangement, but did agree to an arrangement whereby the petitioner would plead guilty in exchange for a capped forty year sentence with the right to argue for less. Knowing this, the petitioner pleaded guilty to all counts in the substituted information. On September 21, 1990, the trial court accepted the petitioner's guilty plea after conducting the required canvass pursuant to Practice Book § 711.[4]

The trial court scheduled the sentencing hearing for November 13, 1990. Prior to the sentencing hearing, the petitioner had second thoughts about his guilty plea and attempted to contact his attorney. When these efforts proved unsuccessful, he drafted a handwritten pro se motion to withdraw his guilty plea. When the petitioner presented this motion to Ganim at the sentencing hearing, it was the first time that Ganim had been notified of the petitioner's desire to withdraw his guilty plea. Ganim orally presented the petitioner's motion to the trial court at the sentencing hearing. The trial court offered to allow Ganim to formalize the motion in type-

---

[4] Practice Book § 711 provides: "The judicial authority shall not accept the plea [of guilty or nolo contendere] without first addressing the defendant personally and determining that he fully understands:

"(1) The nature of the charge to which the plea is offered;

"(2) The mandatory minimum sentence, if any;

"(3) The fact that the statute for the particular offense does not permit the sentence to be suspended;

"(4) The maximum possible sentence on the charge, including, if there are several charges, the maximum sentence possible from consecutive sentences and including, when applicable, the fact that a different or additional punishment may be authorized by reason of a previous conviction; and

"(5) The fact that he has the right to plead not guilty or to persist in that plea if it has already been made, and the fact that he has the right to be tried by a jury or a judge and that at that trial he has the right to the assistance of counsel, the right to confront and cross-examine witnesses against him, and the right not to be compelled to incriminate himself."

written form and present it to the court the next day. Ganim declined this offer and read the petitioner's pro se motion into the record at the sentencing hearing before the trial court. The trial court requested a playback of the September 21 guilty plea canvass. The trial court then denied the petitioner's motion to withdraw his guilty plea and sentenced him to thirty-five years on the charge of murder, twenty years on the charge of manslaughter in the first degree, and five years on the charge of carrying a pistol without a permit, all to run concurrently for a total effective sentence of thirty-five years. No direct appeal was ever filed in this case.

I

The petitioner first claims that he was denied the effective assistance of counsel because his attorney failed to ensure that his guilty plea was voluntary. In support of this claim, he makes several assertions. First, the petitioner claims that his attorney failed to object to the trial court's failure to canvass him completely and properly with respect to all the elements required by Practice Book § 711. Second, the petitioner claims that his attorney failed to advise him of the availability of lesser included offenses and relevant defenses to the murder and manslaughter charges. Finally, the petitioner claims that his attorney failed to discuss and review with him the statutory elements of the crimes to which he was pleading. We address each of these arguments in turn.

A

The petitioner first claims that counsel failed to ensure that his guilty plea was voluntary because his attorney failed to object to the trial court's noncompliance with all of the elements of Practice Book § 711

during the guilty plea canvass.[5] Specifically, the petitioner claims that his attorney was ineffective because he failed to object to the trial court's failure to address the mandatory minimum sentences and the nonsuspendable portions of the sentences with respect to the charges of murder and carrying a pistol without a permit in violation of §§ 711 (2) and (3). We do not agree.

When reviewing an ineffective assistance of counsel claim, we apply the two part test enunciated by the United States Supreme Court in *Strickland* v. *Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). To prevail on this claim, the petitioner must demonstrate both (1) deficient performance by his attorney and (2) actual prejudice. Id. To resolve this issue, this court may analyze the prejudice prong without reaching the issue of deficient performance. "In particular, a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. The object of an ineffectiveness claim is not to grade counsel's performance. If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." Id., 697.

In the guilty plea context, the prejudice requirement of *Strickland* is satisfied when the petitioner demonstrates that "there is a reasonable probability that, but

---

[5] The petitioner appears to address the issue of trial court error directly in this claim. Therefore, he would have us implicitly conclude that the trial court improperly failed to comply with Practice Book § 711.

A habeas corpus petitioner can raise trial court error only if the cause and prejudice requirement of *Wainwright* v. *Sykes*, 433 U.S. 72, 97 S. Ct. 2497, 53 L. Ed. 2d 594 (1977), has been satisfied. See *Baez* v. *Commissioner of Correction*, 34 Conn. App. 236, 641 A.2d 147 (1994); *Bowers* v. *Commissioner of Correction*, 33 Conn. App. 449, 636 A.2d 388, cert. denied, 228 Conn. 929, 640 A.2d 115 (1994). The petitioner clearly states in his brief, however, that his claim relates solely to his trial counsel's ineffectiveness

for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill* v. *Lockhart*, 474 U.S. 52, 59, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985). Accordingly, the petitioner in this case must show that had his attorney objected to the trial court's alleged failure to comply with § 711 (2) and (3), he would not have pleaded guilty and would have allowed the trial to continue to completion.

In this case, the petitioner faced a potential sentence of life imprisonment for two murders. If he had allowed the trial to proceed to completion, he may have been found guilty of the murders of both Hillyard and Gray. Pursuant to General Statutes § 53a-35a,[6] the petitioner, who was seventeen years old at the time of trial, was facing the possibility of twenty-five years to life imprisonment for each count of murder. Therefore, the petitioner faced the potential of lengthy incarceration. The total effective sentence of thirty-five years imprisonment, which the petitioner received, is substantially less than the maximum sentences that he faced on both counts of murder. While it is possible that he may have been acquitted on both charges, he decided to plead guilty on the bases of the advice of counsel and the urging of his mother, who was his court-appointed guardian ad litem. We cannot infer, on this record, that the failure to advise the petitioner of the mandatory minimum sentences and the nonsuspendable portions of those sentences would have modified his desire to minimize his exposure at age seventeen to potential life imprisonment.

in failing to object to the trial court's inadequate canvass under § 711. Therefore, we do not engage in a cause and prejudice analysis under *Wainwright*.

[6] General Statutes §53a-35a provides in relevant part: "For any felony committed on or after July 1, 1981, the sentence of imprisonment shall be a definite sentence and the term shall be fixed by the court as follows . . . (2) for the class A felony of murder, a term not less than twenty-five years nor more than life . . . ."

More significantly, the petitioner agreed to a term of imprisonment that exceeded any mandatory minimum sentence. During the plea bargaining process, the original proposal called for a capped sentence of thirty years imprisonment in exchange for the petitioner's guilty plea. This offer was rejected by the state in favor of an offer of a capped sentence of forty years imprisonment with the right to argue for less. The petitioner has failed to demonstrate that he was prejudiced because he was not advised of the mandatory minimum sentence on the various charges since he knew that he would be subject to a term of imprisonment far exceeding any mandatory minimum sentence. See *State* v. *Domian*, 235 Conn. 679, 688–90, 668 A.2d 1333 (1996) (failure of trial court to advise defendant of mandatory minimum sentence did not constitute reversible error when defendant was aware of actual sentencing possibilities). Therefore, the petitioner knowingly pleaded guilty because his decision was based on his knowledge of the actual prison sentences that he faced as a result of the plea bargaining process. We conclude that the petitioner has failed to establish that he would have changed his plea to not guilty had the trial court complied with the requirements of § 711 (2) and (3).

B

The petitioner next claims that his guilty plea was involuntary because his attorney failed to advise him of the relevant defenses and the availability of lesser included offenses to the murder and manslaughter charges. Specifically, the petitioner claims that if he had been aware of the defenses of self-defense, extreme emotional disturbance and defense of property, he would not have elected to plead guilty. We are not persuaded.

The essence of the petitioner's claim here is that had his attorney advised him of these potentially relevant

defenses, which may have resulted in either outright acquittal or the reduction of the murder charge to a first degree manslaughter charge, the petitioner would not have pleaded guilty but would have elected to have the trial continue to completion. Once again, the petitioner has failed to demonstrate the required prejudice that resulted from his attorney's alleged failures.

To evaluate such a claim properly, it is customary for the reviewing court to decide whether the affirmative defense at issue would have succeeded at trial. *Hill* v. *Lockhart*, supra, 474 U.S. 59; *Copas* v. *Commissioner of Correction*, 234 Conn. 139, 162–63, 662 A.2d 718 (1995). If it is likely that the affirmative defenses of self-defense, extreme emotional disturbance or defense of property would have succeeded at trial, then the petitioner has demonstrated the required prejudice to prevail on his ineffective assistance of counsel claim.

When reviewing this claim, we "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under these circumstances, the challenged action might be considered sound trial strategy." (Internal quotation marks omitted.) *Levine* v. *Manson*, 195 Conn. 636, 640, 490 A.2d 82 (1985).

In this case, the petitioner's trial counsel testified that he was planning to make a self-defense argument to the jury during his closing statement. In addition, he considered the defenses of extreme emotional disturbance and defense of property but decided against employing them. These decisions could be considered sound trial strategy under the circumstances of this case. At the time of trial, Ganim had been a member of the bar for over forty years and had handled between

fifty and 100 murder cases during that time. We cannot conclude that informing the petitioner of these defenses would necessarily have changed his plea. Ganim recommended to the petitioner that he should accept the state's plea offer in an attempt to minimize his exposure to a life sentence. Ganim presumably weighed the likelihood of success on the self-defense claim and, as did the petitioner's mother, recommended that the petitioner accept the state's plea bargain offer. We conclude that the petitioner has failed to prove that he was prejudiced by his counsel's failure to discuss the potentially relevant defenses and the lesser included offenses to the murder charge.

C

The petitioner's final allegation in support of his claim that his guilty plea was not voluntary is that his attorney failed to discuss with him all of the elements of the crimes with which he was charged. We previously determined that the petitioner did not prove the required prejudice caused by his counsel's failure to ensure that he be advised of the mandatory minimum sentence, the nonsuspendable portion of his sentence and the potentially relevant defenses to the charge of murder. Since there was no demonstration of prejudice on those issues, we conclude that the failure to be advised of the specific elements of the crimes with which he was charged would also not cause prejudice. It is not likely that the petitioner would have withdrawn his guilty plea and elected to have the trial proceed to completion because he had been advised of the elements of the crimes with which he was charged.

II

The petitioner next claims that he was denied the effective assistance of counsel when his attorney failed to reduce his handwritten pro se motion to withdraw

his guilty plea into a formal typewritten motion at the sentencing hearing on November 13, 1990. As part of this claim, the petitioner further alleges that his counsel did not articulate to the trial court the specific legal basis from Practice Book § 721 on which he would rely to have the petitioner's guilty plea withdrawn, and that counsel should have formally researched and briefed the issue. We are not persuaded.

At the sentencing hearing, the trial court offered Ganim a one day continuance so that the motion could be typewritten to present fully the issue of plea withdrawal. Ganim declined the trial court's offer and read the petitioner's pro se motion into the record. The trial court requested a playback of the guilty plea canvass from September 21, 1990, to determine whether it was legally sufficient. The trial court then denied the petitioner's motion to withdraw his guilty plea.

The petitioner again has failed to demonstrate that any prejudice resulted from Ganim's performance. The petitioner does not point to any additional legal arguments that Ganim could have made to the trial court in support of the motion had he allowed the sentencing hearing to be continued to the next day. We conclude that the motion was properly before the trial court in satisfactory form to enable the court to rule on the motion, and the petitioner was not prejudiced in any way because it was not typewritten.[7] In addition, the petitioner has not demonstrated that the outcome of the proceeding would have been different if Ganim had submitted the motion to withdraw the guilty plea in typewritten form. Accordingly, we conclude that the

---

[7] The petitioner attempts to equate reversible error in a direct appeal with prejudice in a habeas corpus proceeding in order to prove the required prejudice under *Strickland* v. *Washington*, supra, 466 U.S. 668. The petitioner cites no authority for such a proposition. Our review of the law confirms that no such precedent exists. Therefore, the petitioner's claim is without merit.

petitioner was not denied the effective assistance of counsel.

The judgment is affirmed.

In this opinion the other judges concurred.