AARON SLOAN *v.* COMMISSIONER OF CORRECTION
(AC 19646)

Foti, Landau and Schaller, Js.

Argued January 10—officially released April 11, 2000

*Avery S. Chapman,* for the appellant (petitioner).

*Richard F. Jacobson,* special assistant state's attorney, for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, Aaron Sloan, appeals from the judgment of the habeas court denying the

relief requested and dismissing his petition for a writ of habeas corpus. On appeal, the petitioner claims that the court improperly dismissed his claim of ineffective assistance of counsel.[1] We have reviewed the record and briefs, and conclude that the petitioner has failed to make a substantial showing that he was denied a state or federal constitutional right.

The petitioner was convicted, after a jury trial, of attempt to commit murder in violation of General Statutes §§ 53a-54a and 53a-49, and assault in the first degree in violation of General Statutes § 53a-59 (a) (1). On direct appeal, we affirmed the trial court's judgment. *State* v. *Sloan*, 38 Conn. App. 908, 658 A.2d 607, cert. denied, 234 Conn. 921, 661 A.2d 99 (1995).

The petitioner alleged, before the habeas court, that he was denied effective assistance of counsel both at trial and on appeal.[2] The petitioner claims that trial counsel failed to pursue adequately his claim that he was so intoxicated at the time of the shooting that he could not form the requisite intent and that counsel failed to take exception "adequately" to the court's jury instructions.[3] He claims that counsel rendered ineffective assistance on appeal by failing to assist and consult the petitioner in the preparation of the appeal.

The incident that gave rise to the charges for which the petitioner was convicted occurred in Bridgeport on August 17, 1991, when a fourteen year old male, Louis

[1] The petitioner also claimed that the court abused its discretion when it denied his petition for certification to appeal from the dismissal of the petition for a writ of habeas corpus. The record clearly indicates, and the parties agreed at oral argument, that the court granted the petition for certification to appeal.

[2] Attorney Barry A. Butler, a public defender, served both as trial and appellate counsel.

[3] On direct appeal, the defendant challenged the trial court's refusal to instruct the jury with regard to the issue of intoxication in accordance with the defendant's request.

Reed, Jr., was shot. Reed survived and at trial identified the petitioner as the person who shot him. The defense was based on a claim that someone else had shot Reed.[4] The petitioner did not testify at trial. The only evidence regarding intoxication came before the jury as a result of a single question the prosecutor asked a state's witness regarding how the petitioner looked and was acting at the time of the shooting. The reply was, "[D]runk."

The habeas court concluded that "the defense chosen and pressed by trial counsel had a rational basis and was supported by significant evidence adduced at trial; that counsel reasonably concluded that the introduction by him of two inconsistent defenses would be harmful to his client's interests; that the defense strategy chosen, that someone other than the petitioner was the shooter, was agreed upon . . . [and] that, once the state introduced evidence suggesting that the petitioner was intoxicated at the time of the shooting, trial counsel made a competent effort to utilize such evidence in his client's favor." The habeas court also concluded that the petitioner's claims regarding trial counsel's failure "adequately" to take exception to the trial court's jury instructions were "unfounded." As to the claim that ineffective assistance of counsel was rendered on appeal, the habeas court found that the petitioner had failed to establish that he was prejudiced by counsel's acts or omissions on appeal.

In reviewing a claim of ineffective assistance of trial counsel, we indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; it is the petitioner's burden to overcome the presumption that his attorney's actions or inactions were not, in fact, sound trial strategy. *Levine*

---

[4] While at the hospital, Reed told someone that a Martin Moore had shot him and also told this to the police, later explaining that he had believed that Moore had instructed the petitioner to shoot him. A defense witness testified that Moore and someone named Herman were shooting at Reed.

v. *Manson*, 195 Conn. 636, 640, 490 A.2d 82 (1985); *Larkin* v. *Commissioner of Correction*, 45 Conn. App. 809, 818, 699 A.2d 207 (1997). We also must make every effort to evaluate the challenged conduct from counsel's perspective at the time. *Magnotti* v. *Meachum*, 22 Conn. App. 669, 674–75, 579 A.2d 553 (1990).

We conclude that the petitioner did not overcome the presumption that under the circumstances, trial counsel employed sound trial strategy. See *Hull* v. *Warden*, 32 Conn. App. 170, 175–76, 628 A.2d 32, cert. denied, 227 Conn. 920, 632 A.2d 691 (1993). The petitioner failed to sustain his burden of proving that counsel's performance was deficient and that the petitioner suffered actual prejudice.[5] See *Strickland* v. *Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). The habeas court properly concluded as it did.

The judgment is affirmed.

---

[5] "[T]o show prejudice, the petitioner must establish that there exists a reasonable probability that the result of the trial would have been different but for counsel's ineffective assistance. *Levine* v. *Manson*, [supra, 195 Conn. 640]. A reasonable probability is a probability sufficient to undermine confidence in the verdict." *Dontigney* v. *Commissioner of Correction*, 42 Conn. App. 304, 305, 679 A.2d 55, cert. denied, 239 Conn. 918, 682 A.2d 999 (1996).