JAMES HOLLEY *v.* COMMISSIONER OF CORRECTION
(AC 19454)

Foti, Zarella and O'Connell, Js.

Argued October 25, 2000—officially released March 6, 2001

*R. Bruce Lorenzen,* assistant public defender, with whom, on the brief, was *Temmy Ann Pieszak,* chief of habeas corpus services, for the appellant (petitioner).

*Ronald G. Weller,* assistant state's attorney, with whom, on the brief, were *Michael Dearington,* state's attorney, and *Jo Anne Sulik,* assistant state's attorney, for the appellee (respondent).

*Opinion*

ZARELLA, J. The petitioner, James Holley, appeals from the judgment of the habeas court dismissing his second amended petition for a writ of habeas corpus

dated April 13, 1998.[1] On January 27, 1999, the court granted the petitioner's timely petition for certification to appeal. On appeal, the petitioner claims that the habeas court improperly (1) concluded that he failed to demonstrate that he received ineffective assistance of trial counsel and (2) rejected his claim of actual innocence of the charges brought against him. We affirm the judgment of the habeas court.

On three separate occasions in January, 1992, and on February 6, 1992, the petitioner sold narcotics to an undercover police officer. Thereafter, on June 1, 1992, he was arrested and charged with four counts of sale of a narcotic substance by a person who is not drug-dependent in violation of General Statutes § 21a-278 (b).[2] At trial, the petitioner raised the defense of entrapment as to all four counts. The petitioner was convicted,

---

[1] We note that the second amended petition was filed in response to the request of the respondent commissioner of correction for a more specific statement of the petitioner's factual and legal claims and, thus, supplemented specific paragraphs of the petitioner's amended petition dated October 1, 1997. Therefore, although the second amended petition is the operative pleading in this case, we read the applicable portions of each petition in considering the petitioner's claims on appeal.

[2] General Statutes § 21a-278 (b) provides in relevant part: "Any person who manufactures, distributes, sells, prescribes, dispenses, compounds, transports with the intent to sell or dispense, possesses with the intent to sell or dispense, offers, gives or administers to another person any narcotic substance, hallucinogenic substance other than marijuana, amphetamine-type substance, or one kilogram or more of a cannabis-type substance except as authorized in this chapter, and who is not at the time of such action a drug-dependent person, for a first offense shall be imprisoned not less than five years nor more than twenty years; and for each subsequent offense shall be imprisoned not less than ten years nor more than twenty-five years. . . ."

General Statutes § 21a-240 (50) defines "sale" as "any form of delivery which includes barter, exchange or gift, or offer therefor, and each such transaction made by any person whether as principal, proprietor, agent, servant or employee . . . ."

General Statutes § 21a-240 (3) defines "agent" as "an authorized person who acts on behalf of or at the direction of a manufacturer, distributor or dispenser. It does not include a common or contract carrier, public warehouseman, or employee of the carrier or warehouseman . . . ."

after a jury trial, on three of the counts and acquitted on one count. On March 5, 1993, the court sentenced the petitioner to serve a twenty year sentence consecutive to the sentence he was then serving for an unrelated conviction. The petitioner presently is in the custody of the respondent commissioner of correction.

I

The petitioner first claims that the habeas court improperly determined that he did not receive ineffective assistance of trial counsel. This claim embodies four distinct claims of ineffectiveness, namely, that counsel (1) failed to investigate the nature of the substances and, thereafter, failed to advise the petitioner not to sign a stipulation regarding the substances, (2) had a conflict of interest that prejudiced the petitioner's defense at trial, (3) offered prejudicial evidence of a prior narcotics investigation, a prior conviction for possession of marijuana and the petitioner's ownership of an expensive sports vehicle and (4) failed to seek a dismissal of the charges after the court ordered a mistrial.

Our review of such claims is well established. "In a habeas appeal, this court cannot disturb the underlying facts found by the habeas court unless they are clearly erroneous, but our review of whether the facts as found by the habeas court constituted a violation of the petitioner's constitutional right to effective assistance of counsel is plenary. . . . A convicted defendant's claim that counsel's assistance was so defective as to require a reversal of the conviction . . . has two components. First, the [petitioner] must show that counsel's performance was deficient. . . . Second, the [petitioner] must show that the deficient performance prejudiced the defense. . . . Unless a [petitioner] makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process

that renders the result unreliable." (Citation omitted; internal quotation marks omitted.) *Henry* v. *Commissioner of Correction*, 60 Conn. App. 313, 316–17, 759 A.2d 118 (2000).

## A

The petitioner first argues that his trial counsel's failure to investigate the nature of the substances and to advise him not to sign the stipulation amounted to ineffective assistance of counsel. We disagree.

The following additional facts are necessary for our disposition of this claim. In an effort to expedite the trial on the underlying criminal charges, the petitioner signed a stipulation in which he admitted that the seized substances were, in fact, cocaine.[3] Before accepting the stipulation, the court asked the petitioner whether he understood the consequences of the stipulation. The court explained that "one of the things the state would have to prove in your case is that whatever the substance was involved in this case is in fact cocaine. The normal way they do that is to bring down somebody from the state toxicology department to testify that that piece of evidence was in their office, that testing was done on it and it does in fact contain cocaine." The petitioner responded that he understood. At a subsequent pretrial hearing on December 8, 1992, the court further explained that the stipulation "does away with the necessity of producing the toxicologist. The reason

---

[3] The petitioner's signed stipulation provided:

"The defendant in the above-captioned criminal cases hereby stipulates and agrees as follows:

"That I am stipulating to the fact that all alleged narcotic exhibits to be offered in the instant matters are in fact cocaine. I have conferred with Attorney Ernest J. Diette, Jr., and have been fully informed of the fact that a Toxicologist would normally be necessary to establish that fact, however, to expedite my cases I am knowingly entering into this agreement. I therefore waive the necessity of establishing a chain of custody and stipulate that the exhibits are cocaine."

we did that was because we are trying to provide [the petitioner] with this trial in a speedier fashion." The petitioner again acknowledged that he understood the consequences of the stipulation.

To succeed on his claim, the petitioner "must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment [to the United States constitution]. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland* v. *Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); see also *Williams* v. *Taylor*, 529 U.S. 362, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000); *Ghant* v. *Commissioner of Correction*, 255 Conn. 1, 8, 761 A.2d 740 (2000).

"[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. The object of an ineffectiveness claim is not to grade counsel's performance. If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed." (Internal quotation marks omitted.) *Constantopoulos* v. *Commissioner of Correction*, 47 Conn. App. 828, 833, 708 A.2d 588, cert. denied, 244 Conn. 927, 711 A.2d 726 (1998).

The petitioner cannot prevail on the prejudice prong of the *Strickland* test. As the habeas court appropriately noted, the petitioner failed to demonstrate that his counsel's conduct resulted in any prejudice to the defense. The petitioner offered no evidence at the habeas hearing to suggest that if a laboratory test had been conducted, the substances would have been

shown to be something other than cocaine. The burden to demonstrate what benefit additional investigation would have revealed is on the petitioner. *United States* v. *Green*, 882 F.2d 999, 1003 (5th Cir. 1989) (petitioner could not succeed on claim of ineffective assistance of counsel because he failed to show what further investigation would have revealed and how it would have helped him); see also *Nieves* v. *Commissioner of Correction*, 51 Conn. App. 615, 624, 724 A.2d 508 (petitioner could not succeed on claim of ineffective assistance on basis of counsel's failure to conduct proper investigation in absence of showing that he was prejudiced by counsel's failure to interview witnesses), cert. denied, 248 Conn. 905, 731 A.2d 309 (1999). In fact, the only evidence offered was that the substance had field tested positive for the presence of cocaine. The petitioner thus has failed to demonstrate any prejudice.

## B

The petitioner next argues that trial counsel rendered ineffective assistance as a result of an actual conflict of interest. The petitioner contends that trial counsel wrongfully assessed the strength of his case and viewed him as a "potential cash cow." According to the petitioner, trial counsel "fed the petitioner's expectations with grandiose claims and advice that had no grounding in either law or reality." He also asserts that he refused counsel's requests to loan him money. The petitioner further argues that his counsel made representations to him about counsel's ability to get the charges dismissed to induce the petitioner to terminate his prior counsel.

"In a claim of ineffective assistance of trial counsel predicated on an alleged conflict of interest, the petitioner bears the burden of satisfying a two-pronged test . . . . The petitioner must first demonstrate that counsel actively represented conflicting interests and [sec-

ond] that an actual conflict of interest adversely affected his lawyer's performance." (Citation omitted; internal quotation marks omitted.) *Walton* v. *Commissioner of Correction*, 57 Conn. App. 511, 516, 749 A.2d 666, cert. denied, 254 Conn. 913, 759 A.2d 509 (2000).

In the present case, the habeas court made no factual findings to support the petitioner's conclusions and speculations. We have held that it is the obligation of the petitioner to provide this court with an adequate record for review. "The burden of securing an adequate record for appellate review rests with the petitioner." *Gipson* v. *Commissioner of Correction*, 54 Conn. App. 400, 438, 735 A.2d 847, cert. granted on other grounds, 251 Conn. 915, 740 A.2d 864 (1999). The petitioner cannot prevail on his claim of conflict of interest absent factual underpinnings.

C

The petitioner next argues that trial counsel rendered ineffective assistance by offering evidence of the petitioner's 1985 conviction for possession of marijuana, a prior narcotics investigation and the petitioner's ownership of an expensive sports vehicle. We disagree.

We reiterate that in deciding a claim of ineffective assistance of trial counsel, the reviewing court does not grade counsel's conduct; *Constantopoulos* v. *Commissioner of Correction*, supra, 47 Conn. App. 833; nor does the court determine which of numerous strategies counsel should have used at trial. Rather, the court's inquiry is limited to determining whether the challenged conduct from the perspective of counsel at that time was deficient. *Sloan* v. *Commissioner of Correction*, 57 Conn. App. 304, 307, 748 A.2d 355 (2000). "Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must over-

come the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." (Internal quotation marks omitted.) *Walton* v. *Commissioner of Correction,* supra, 57 Conn. App. 522. The petitioner has failed to overcome this presumption.

At the habeas hearing, trial counsel testified that he could not recall whether he questioned the petitioner on the stand at his criminal trial about his prior conviction for possession of marijuana. Counsel did testify, however, that he elicited evidence regarding the petitioner's ownership of a Porsche for the purpose of attacking the state's theory that ownership of the vehicle suggested that the petitioner was a drug dealer. Trial counsel also testified that he elicited testimony from a prosecution witness regarding a narcotics investigation in which the petitioner's stepson was a target. Counsel explained that, in eliciting such information, he was emphasizing that "whatever problems [the petitioner] had in the past with violence or whatever, that he had no history of being, other than the misdemeanor of the marijuana, had no history of being a drug dealer . . . ." On cross-examination, trial counsel testified that he brought out that information as a preemptive strike.

The habeas court found that "[w]hile questioning defense counsel's tactics in permitting the jury to hear this evidence, the petitioner overlooks the fact that his entrapment defense entailed certain risks. Thus, his prior conviction for possession was admissible to show predisposition on his part." The court further found that "[w]hile the petitioner assails defense counsel's tactics in opening up the subject of the prior investigation by the police and his ownership of a Porsche, it is not unusual for criminal defense lawyers to muddy the waters a bit and even seek some sympathy from the jury by showing how unfairly a defendant was treated. In this case, counsel was illustrating the peti-

tioner's complaint that he was 'set up.' . . . While ownership of the Porsche may not have come in, counsel could well have decided to anticipate the state's attempt to suggest the petitioner was a drug dealer because he lived in modest surroundings but owned an expensive car. Explaining the source of the funds for this purchase is not entirely illogical."

The habeas court properly determined that trial counsel was not deficient, especially considering the context in which the evidence was introduced. The petitioner's sole defense was entrapment pursuant to General Statutes § 53a-15.[4] "Since its codification, § 53a-15 has consistently been interpreted to impose a subjective standard." *State* v. *Lee*, 229 Conn. 60, 81, 640 A.2d 553 (1994). The focus, therefore, is on the disposition of the defendant: "[I]f the criminal intent or the willing disposition to commit the crime originates in the mind of the accused and the criminal offense is completed, the fact that the opportunity is furnished or the accused is aided in the commission of the crime in order to secure the evidence necessary to prosecute him for it constitutes no defense." (Internal quotation marks omitted.) Id.

The state has the burden of disproving the defense of entrapment, when raised by the evidence, beyond a reasonable doubt. See *State* v. *Pierson*, 201 Conn. 211, 217, 514 A.2d 724 (1986). Accordingly, in disproving entrapment, the state was required to prove that the petitioner had the intent or was predisposed to sell marijuana. It is not unreasonable to conclude that the state would have offered the same evidence that was

---

[4] General Statutes § 53a-15 provides: "In any prosecution for an offense, it shall be a defense that the defendant engaged in the proscribed conduct because he was induced to do so by a public servant, or by a person acting in cooperation with a public servant, for the purpose of institution of criminal prosecution against the defendant, and that the defendant did not contemplate and would not otherwise have engaged in such conduct."

offered by the petitioner's trial counsel as evidence of such intent. Moreover, it is reasonable to conclude that the petitioner's trial counsel preemptively offered the evidence as a way of thwarting any such attempt by the prosecution and was, therefore, "within the wide range of discretion of reasonable professional assistance . . . ." *Sloan* v. *Commissioner of Correction*, supra, 57 Conn. App. 306.

### D

The last claim of ineffective assistance of counsel challenges the habeas court's conclusion that trial counsel was not deficient for failing to seek a dismissal of the charges after the court ordered a mistrial in the case. We disagree.

The following additional facts and procedural history are necessary for our disposition of this claim. On December 10, 1992, prior to commencement of the criminal trial, defense counsel filed a motion in limine to exclude at trial any reference to the petitioner's prior murder conviction. The court granted the motion. The state called James Peterson, a police informant, as its first witness at trial. On cross-examination by the defense, the witness testified that the police had advised him of the petitioner's previous conviction of murder. The court thereafter ordered a mistrial. On January 15, 1993, the petitioner was retried on the same charges and convicted.

The petitioner argues that the prosecution induced the mistrial by "failing to ensure its key witness, Peterson, would abide by the court order," and, therefore, the double jeopardy clause bars the second trial.[5]

---

[5] We note, in passing, that the petitioner appropriately cites *State* v. *Colton*, 234 Conn. 683, 692, 663 A.2d 339 (1995), cert. denied, 516 U.S. 1140, 116 S. Ct. 972, 133 L. Ed. 2d 892 (1996), to support his assertion that "[w]hile normally a mistrial would not cause a bar to a retrial, particularly a mistrial had on a defense motion, if the prosecution creates circumstances that goad the defense to move for a mistrial, prejudice attaches." Nevertheless, *Colton* is inapposite to the facts of the present case because there is no evidence in the record tending to show prosecutorial misconduct.

The petitioner's claim is wholly lacking in factual support.

The habeas court stated that "there isn't a suggestion that it was prosecutorial misfeasance or overreaching. The circumstances do not support a determination of prosecutorial misconduct." We frequently have stated that it is not the function of this court to find facts. "[A]n appellate court cannot find facts or draw conclusions from primary facts found, but may only *review* such findings to see whether they might be legally, logically and reasonably found." (Emphasis in original; internal quotation marks omitted.) *Parker* v. *Shaker Real Estate, Inc.*, 47 Conn. App. 489, 498, 705 A.2d 210 (1998). Moreover, it is the responsibility of the petitioner to provide an adequate record for our review pursuant to Practice Book § 61-10. *State* v. *Louise-Julie*, 60 Conn. App. 837, 841, 762 A.2d 913 (2000), cert. denied, 255 Conn. 929, 930, 767 A.2d 102, 103 (2001); *State* v. *Torres*, 57 Conn. App. 614, 626, 749 A.2d 1210, cert. denied, 253 Conn. 927, 754 A.2d 799 (2000). We conclude, therefore, that the petitioner has failed to show that his trial counsel's performance was deficient.

## II

The petitioner next claims that, as a matter of law, he is innocent of the charges against him, and, therefore, the habeas court improperly rejected his claim on the ground that he failed to present newly discovered evidence at the habeas hearing. He further argues that the court failed to appreciate the distinction between a claim of actual or factual innocence, which would require the introduction of newly discovered evidence, and his claim of actual innocence based on a theory of defense not yet accepted in Connecticut that, as a strict question of law, need not be proven with newly discovered evidence.

The respondent argues, in part, that we should not review the petitioner's innocence claim because the

petitioner raised the claim for the first time in his post-trial brief following the habeas hearing and did not raise it as a ground for relief in the second amended petition or at the habeas hearing. We agree.

"In a writ of habeas corpus alleging illegal confinement the application must set forth specific grounds for the issuance of the writ including the basis for the claim of illegal confinement. *Marci* v. *Hayes*, 189 Conn. 566, 568, 456 A.2d 1186 (1983). The petition for a writ of habeas corpus is essentially a pleading and, as such, it should conform generally to a complaint in a civil action. *McPheters* v. *Pollard*, 146 Conn. 509, 510, 152 A.2d 632 (1959) The principle that a plaintiff may rely only upon what he has alleged is basic. . . . It is fundamental in our law that the right of a plaintiff to recover is limited to the allegations of his complaint. . . . *Wright* v. *Hult*, 50 Conn. App. 439, 449, 718 A.2d 969, cert. denied, 247 Conn. 939, 723 A.2d 320 (1998). While the habeas court has considerable discretion to frame a remedy that is commensurate with the scope of the established constitutional violations; *Gaines* v. *Manson*, 194 Conn. 510, 528, 481 A.2d 1084 (1984); it does not have the discretion to look beyond the pleadings and trial evidence to decide claims not raised. *Giannotti* v. *Ward*, 26 Conn. App. 125, 126 n.1, 599 A.2d 26 (1991) (where petitioner's claim of ineffective assistance of counsel not alleged in habeas petition, appellate court will not review claim raised for first time on appeal), cert. denied, 221 Conn. 905, 600 A.2d 1359 (1992). The purpose of the [petition] is to put the [respondent] on notice of the claims made, to limit the issues to be decided, and to prevent surprise. *Hasan* v. *Warden*, 27 Conn. App. 794, 798, 609 A.2d 1031, cert. denied, 223 Conn. 917, 614 A.2d 821 (1992)." (Internal quotation marks omitted.) *Jenkins* v. *Commissioner of Correction*, 52 Conn. App. 385, 406, 726 A.2d 657, cert. denied, 249 Conn. 920, 733 A.2d 233 (1999).

In the present case, the petitioner's amended petition dated October 1, 1997, and his second amended petition dated April 13, 1998, solely present claims of ineffective assistance of trial counsel. Nowhere in those petitions does the petitioner allege that his trial counsel was ineffective for failing to advance a defense of agency or that he was innocent as a matter of law. Moreover, notwithstanding the petitioner's statement that "[w]hat was discussed during the course of the hearing was the relative novelty of the defense in Connecticut," a careful reading of the seventy-four page transcript of the hearing reveals that the defense was never mentioned, let alone discussed. We therefore decline to consider this claim on appeal.

The judgment is affirmed.

In this opinion the other judges concurred.