******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

# JAMES CUNNINGHAM, SR. *v.* COMMISSIONER OF CORRECTION
## (AC 42058)

Keller, Moll and Eveleigh, Js.

*Syllabus*

The petitioner, who had been convicted of the crimes of murder, carrying a pistol without a permit and criminal possession of a firearm in connection with the shooting death of the victim, sought a writ of habeas corpus, claiming that his trial counsel, C, had provided ineffective assistance by failing to conduct an adequate pretrial investigation into the petitioner's theory of self-defense and referring to the petitioner as a bully during closing argument. At the habeas trial, the petitioner testified regarding his version of the shooting, stating, inter alia, that during an altercation with the victim, his previously injured knee buckled when the victim punched him, causing him to fall to the ground, and, being unable to stand, he shot the victim when he reached for the petitioner's pistol. In addition, C testified regarding his extensive pretrial investigation, which included reviewing statements and recordings prior to trial, obtaining information from an investigator who was working on an ancillary matter, personally canvassing the neighborhood where the shooting occurred with an associate, interviewing every witness except for one and visiting the location where the body was found. C also testified that he believed that the petitioner did not have a valid self-defense claim in light of the evidence. The habeas court rendered judgment denying the habeas petition, concluding, inter alia, that the petitioner had not proven that C's pretrial investigation was inadequate or that there was a reasonable probability that, but for C's alleged deficient performance, the result of the trial would have been different. In reaching its conclusion, the court discredited the petitioner's testimony, finding it to be phony, and credited C's testimony. Thereafter, on the granting of certification, the petitioner appealed to this court. *Held*:

1. The petitioner could not prevail on his claim that the habeas court improperly rejected his claim that C rendered ineffective assistance by failing to conduct an adequate pretrial investigation into his theory of self-defense: the petitioner failed to establish that C's performance was deficient, as the habeas court properly determined that the thorough pretrial investigation conducted by C was not deficient, the petitioner made only a bare allegation in his appellate brief that C failed to investigate the self-defense theory properly and did not specify what benefit additional investigation would have revealed, and, at the habeas trial, the petitioner did not present the testimony of the witness whom C did not interview, nor did he present any medical evidence regarding the condition of his knee at the time of the shooting; moreover, given the weight of the evidence against the petitioner at his criminal trial, which included his own trial testimony that he shot the victim three times, disposed of the murder weapon and hid the victim's body, the petitioner failed to establish that he was prejudiced as a result of C's alleged deficient performance.

2. The habeas court properly rejected the petitioner's claim that C rendered ineffective assistance by referring to the petitioner as a bully during closing argument: C's use of the term bully during closing argument constituted sound trial strategy, and, therefore, it did not amount to deficient performance or fall below an objective standard of reasonableness, as C, given the evidence before the jury of a litany of oppressive conduct by the petitioner, chose to use that term in an effort to bond with the jury by stating the obvious and using a term that the jury understood; moreover, given the weight of the evidence against the petitioner at his criminal trial, it was not reasonably probable that, but for C's alleged deficient performance, the result of the criminal trial would have been different, and, therefore, the habeas court properly determined that the petitioner had not proven prejudice.

Argued October 16—officially released December 24, 2019

Amended petition for a writ of habeas corpus, brought to the Superior Court in the judicial district of Tolland and tried to the court, *Hon. Edward J. Mullarkey*, judge trial referee; judgment denying the petition, from which the petitioner, on the granting of certification, appealed to this court. *Affirmed.*

*James E. Mortimer*, assigned counsel, for the appellant (petitioner).

*Laurie N. Feldman*, special deputy assistant state's attorney, with whom, on the brief, were *John C. Smriga*, state's attorney, and *Emily Dewey Trudeau*, assistant state's attorney, for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, James Cunningham, Sr., appeals from the judgment of the habeas court denying his amended petition for a writ of habeas corpus. The petitioner claims that the court improperly rejected his claims that his trial counsel rendered ineffective assistance by (1) failing to conduct an adequate pretrial investigation into the petitioner's theory of self-defense, and (2) referring to the petitioner as a "bully" during closing argument.[1] We affirm the judgment of the habeas court.

The following underlying procedural history and facts, which are set forth in more detail on direct appeal, are relevant to our resolution of this appeal. See *State* v. *Cunningham*, 168 Conn. App. 519, 146 A.3d 1029, cert. denied, 323 Conn. 938, 151 A.3d 385 (2016). On the night of August 5, 2012, an altercation arose between the petitioner and the victim, who were friends and who had been living together for several weeks. Id., 522. The petitioner shot the victim three times, with the fatal shot to the chest causing the victim to die within minutes. Id. The petitioner's neighbor helped him wrap the victim's body in a tarp and attach it to a metal rack on the back of the petitioner's Hummer. Id. The petitioner threw the murder weapon in a river and drove the Hummer to his grandmother's house, concealing it in a hedge. Id. At his criminal trial, the petitioner admitted to the events of the shooting and to the subsequent concealing of the body, but testified that he had shot the victim in self-defense. Id., 523. According to the petitioner's version of events, he shot the victim after the victim attacked him and tried to grab his pistol. Id. Two theories of the defense offered at trial were self-defense and that the petitioner had acted at most with the appropriate mens rea for manslaughter, but not murder. Id. Neither the state nor the defense requested an instruction on a lesser included offense. Id. Following a jury trial, the petitioner was found guilty of murder in violation of General Statutes § 53a-54a (a) and carrying a pistol without a permit in violation of General Statutes § 29-35 (a). Id., 521. The petitioner subsequently pleaded guilty to a charge of criminal possession of a firearm in violation of General Statutes § 53a-217 (a). Id., 527. The court sentenced the petitioner to a term of sixty years of incarceration. Id. The petitioner's conviction was affirmed on direct appeal. Id., 521, 538.

Thereafter, the petitioner filed an amended petition for a writ of habeas corpus alleging ineffective assistance of his trial counsel, Matthew Couloute. The court denied the petition, reasoning, inter alia, that the petitioner had not proven either deficient performance or prejudice on his claims of inadequate pretrial investigation and improper use of the word "bully" during closing argument. The court granted the petitioner's petition

for certification to appeal. This appeal followed.

We first set forth our standard of review. "In *Strickland* v. *Washington*, [466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)], the United States Supreme Court established that for a petitioner to prevail on a claim of ineffective assistance of counsel, he must show that counsel's assistance was so defective as to require reversal of [the underlying] conviction . . . . That requires the petitioner to show (1) that counsel's performance was deficient and (2) that the deficient performance prejudiced the defense. . . . Unless a [petitioner] makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable. . . . To satisfy the performance prong . . . the petitioner must demonstrate that his attorney's representation was not reasonably competent or within the range of competence displayed by lawyers with ordinary training and skill in the criminal law. . . . To satisfy the prejudice prong, [the petitioner] must demonstrate that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. . . . A court can find against a petitioner, with respect to a claim of ineffective assistance of counsel, on either the performance prong or the prejudice prong." (Citation omitted; internal quotation marks omitted.) *Stephen J. R.* v. *Commissioner of Correction*, 178 Conn. App. 1, 7–8, 173 A.3d 984 (2017), cert. denied, 327 Conn. 995, 175 A.3d 1246 (2018).

I

The petitioner claims that the court improperly rejected his claim that his trial counsel rendered ineffective assistance by failing to investigate adequately a self-defense theory. We disagree.

The court determined that although the count of the petition alleging inadequate pretrial investigation was "very unspecific," the petitioner had not proven either inadequate pretrial investigation[2] or a reasonable probability that the result of the trial would have been different. At the habeas trial, the petitioner presented only the testimony of himself and Couloute. The court credited Couloute's testimony and found the petitioner's testimony to be "phony."

During the habeas trial, the petitioner explained his version of the relevant events as follows. After the victim punched him, the petitioner's knee, which had been injured previously, buckled, and he fell to the ground. He was unable to stand and believed that he needed to shoot the victim when the victim reached for the petitioner's pistol. After placing the victim on the back of his Hummer with help from a neighbor, the petitioner intended to take the victim to the hospital, but took an "offbeat, weird [route] . . . ." When the victim fell off

the Hummer, the petitioner became frightened, returned the victim's body to the Hummer, and drove to his grandmother's house instead of to the hospital because he "was scared that [the victim] passed away."

The court credited Couloute's testimony regarding his extensive pretrial investigation, which included reviewing statements and recordings prior to trial, obtaining information from an investigator who was working on an ancillary matter, personally canvassing the neighborhood with an associate, interviewing every witness except for one, and visiting the location where the body was found. Couloute testified that due to the number of witnesses, he hired an attorney to assist him at trial. The court noted that Couloute testified that he thought there was no valid self-defense claim. He testified that in light of the evidence that the petitioner was able to return the victim's body to the back of the Hummer himself, it seemed "ridiculous" to tell the jury that he could not stand during the altercation with the victim and was forced to shoot the victim in self-defense. The court further concluded that the petitioner failed to prove prejudice because there existed no reasonable probability that the result at trial would have been different.

After an examination of the record, we conclude that the court properly determined that the thorough pretrial investigation conducted by Couloute was not deficient. In his appellate brief, the petitioner makes only a bare allegation that Couloute failed to investigate the self-defense theory properly and does not specify what benefit additional investigation would have revealed. At the habeas trial, the petitioner did not present the testimony of the one witness whom Couloute did not interview, nor did he present any medical evidence regarding the condition of his knee at the time of the shooting. "The burden to demonstrate what benefit additional investigation would have revealed is on the petitioner." *Holley* v. *Commissioner of Correction*, 62 Conn. App. 170, 175, 774 A.2d 148 (2001). We agree with the habeas court that the petitioner has not proven deficient performance.

Additionally, given the weight of the evidence against the petitioner, which included his own trial testimony that he shot the victim three times, disposed of the murder weapon, and hid the body, we agree with the habeas court that the petitioner failed to establish prejudice under *Strickland.*

II

The petitioner also claims that the court improperly rejected his claim that Couloute's description of the petitioner during closing argument as a "bully" constituted ineffective assistance of counsel. We disagree.

The court concluded that Couloute's use of the term "bully" during closing argument constituted sound trial strategy and, therefore, did not amount to deficient

performance. The court detailed a list of behaviors exhibited by the petitioner, which were in evidence at the underlying criminal trial, many of which occurred in the weeks leading up to the underlying incident and most of which the petitioner testified to himself at his criminal trial. The court explained that the word bully was "the least offensive" term Couloute could have used "given the litany of oppressive conduct before the jury." The court concluded that in using the term, Couloute "was attempting to bond with the jury by admitting the obvious. He then wove in the common belief that the way to confront a bully is to punch him in the head. [Couloute] added to this common belief that when knocked to the ground the petitioner was really scared. . . . Given the overwhelming evidence against [the petitioner] . . . Couloute made a very good summation which did not fall below the standard."

We agree with the court that Couloute's closing argument did not fall below an objective standard of reasonableness. The court made clear that Couloute chose to use the word bully in an effort to bond with the jury by stating the obvious, using a term that the jury understood. In light of the evidence, we agree with the court's reasoning in this regard. "[J]udicial scrutiny of counsel's performance must be highly deferential. . . . [A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the [petitioner] must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." (Internal quotation marks omitted.) *Mukhtaar* v. *Commissioner of Correction*, 158 Conn. App. 431, 449, 119 A.3d 607 (2015).

The court also concluded that it was not reasonably probable that the result at trial would have been different. The court reasoned: "The petitioner's trial testimony was contradicted by witnesses to the event, his disposal of the gun and the body was strong evidence of consciousness of guilt and his declaration of motive to his cousin shortly after the shooting are what got the petitioner convicted of murder. And if his demeanor and claims appeared as phony as his testimony during the habeas trial, the jurors were fully justified in disregarding it." Given the weight of the evidence against the petitioner at his criminal trial, we conclude that the court properly determined that the petitioner had not proven the prejudice prong of *Strickland*.

The judgment is affirmed.

[1] The petitioner raised additional claims in his appellate brief, but he expressly abandoned those claims at oral argument. Therefore, we do not review these claims. See *Stoner* v. *Stoner*, 163 Conn. 345, 359, 307 A.2d 146 (1972).

[2] "Inadequate pretrial investigation can amount to deficient performance, satisfying prong one of *Strickland*, as [c]onstitutionally adequate assistance of counsel includes competent pretrial investigation. . . . Although we acknowledge that counsel need not track down each and every lead or personally investigate every evidentiary possibility before choosing a

defense and developing it . . . [e]ffective assistance of counsel imposes an obligation [on] the attorney to investigate all surrounding circumstances of the case and to explore all avenues that may potentially lead to facts relevant to the defense of the case. . . . In other words, counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." (Citations omitted; internal quotation marks omitted.) *Taft* v. *Commissioner of Correction*, 159 Conn. App. 537, 546–47, 124 A.3d 1, cert. denied, 320 Conn. 910, 128 A.3d 954 (2015).