******************************************************

The "officially released" date that appears near the beginning of an opinion is the date the opinion will be published in the Connecticut Law Journal or the date it is released as a slip opinion. The operative date for the beginning of all time periods for the filing of postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying an opinion that appear in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced or distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

HERBERT A. CLARK *v.* COMMISSIONER
OF CORRECTION
(AC 46316)

Moll, Clark and Wilson, Js.

*Syllabus*

The petitioner, who previously had been convicted of assault in the first degree, appealed, on the granting of certification, from the habeas court's judgment denying his petition for a writ of habeas corpus. The petitioner, whose trial counsel had been permitted by the trial court to withdraw upon an oral motion made during a hearing at which the petitioner failed to appear, claimed, inter alia, that the habeas court erred in determining that the proceeding during which his counsel had withdrawn was not a critical stage of the prosecution and, thus, despite his absence, his rights to due process had not been violated. *Held*:

The habeas court properly determined that the proceeding during which the trial court granted the motion to withdraw by the petitioner's criminal trial counsel was not a critical stage of the petitioner's prosecution, as, although the proceeding had originally been scheduled to address a pending plea offer from the state, the petitioner's failure to appear at the hearing changed the nature of the hearing, and the proceeding had no effect on the petitioner's ability to later accept or reject a plea offer from the state.

Argued March 19—officially released October 7, 2025

*Procedural History*

Amended petition for a writ of habeas corpus, brought to the Superior Court in the judicial district of Tolland and tried to the court, *M. Murphy, J.*; judgment denying the petition, from which the petitioner, on the granting of certification, appealed to this court. *Affirmed.*

*Justine F. Miller*, assigned counsel, for the appellant (petitioner).

*Raynald A. Carre*, deputy assistant state's attorney, with whom, on the brief, were *Maureen Platt*, state's attorney, and *Erin Stack*, assistant state's attorney, for the appellee (respondent).

*Opinion*

MOLL, J. The petitioner, Herbert A. Clark, appeals, following the granting of his petition for certification to appeal, from the judgment of the habeas court denying his second amended petition for a writ of habeas corpus. On appeal, the petitioner principally claims that the habeas court erred in concluding that the June 2, 2009 proceeding in his criminal matter, during which the trial court allowed his trial counsel to withdraw from representing him upon an oral motion made while the petitioner was not present, was not a critical stage of his prosecution, and, therefore, his due process rights were not violated.[1] We affirm the judgment of the habeas court.

The following undisputed facts, as found by the habeas court or as gleaned from the record, and procedural history are relevant to our resolution of this appeal.[2] On January 20, 2009, the petitioner was arrested and charged with assault in the first degree in violation of General Statutes § 53a-59 (a) (1)[3] and assault in the

---

[1] The petitioner also claims that the habeas court erred in purportedly concluding that his absence from the June 2, 2009 proceeding did not give rise to structural error warranting reversal of his conviction. We decline to review this claim because it was not raised in the operative habeas petition or, contrary to the petitioner's representation, decided by the habeas court. See *VanDeusen* v. *Commissioner of Correction*, 212 Conn. App. 427, 452, 275 A.3d 215 ("[a] reviewing court will not consider claims not raised in the habeas petition or decided by the habeas court" (internal quotation marks omitted)), cert. denied, 345 Conn. 903, 282 A.3d 982 (2022).

[2] We confine our summary of the facts to those necessary to provide context for the issues presented in this appeal. For a full recitation of the facts that the jury reasonably could have found in connection with the petitioner's underlying conviction, see *State* v. *Clark*, 137 Conn. App. 203, 204–206, 48 A.3d 135 (2012), aff'd, 314 Conn. 511, 103 A.3d 507 (2014).

[3] General Statutes § 53a-59 (a) (1) provides in relevant part: "A person is guilty of assault in the first degree when . . . [w]ith intent to cause serious physical injury to another person, he causes such injury to such person or to a third person by means of a deadly weapon or a dangerous instrument . . . ."

first degree in violation of § 53a-59 (a) (2).[4] *State* v. *Clark*, 137 Conn. App. 203, 205–206, 48 A.3d 135 (2012), aff'd, 314 Conn. 511, 103 A.3d 507 (2014). At his January 21, 2009 arraignment, while represented by Attorney Todd Edgington, a public defender, the petitioner informed the trial court that he did not want the services of a public defender, and he subsequently hired private counsel, Attorney Richard Lawlor.

On April 29, 2009, the state and the petitioner, represented by Attorney Lawlor, appeared for a pretrial hearing. During the hearing, the trial court, *Alexander, J.*, noted that the state had made a plea offer and told the petitioner that, "[i]f you want to take it, [Attorney] Lawlor will explain it to you." That same day, a so-called "accept or reject" date was scheduled for June 2, 2009.

On June 2, 2009, Attorney Lawlor appeared before the trial court, *Alexander, J.* The petitioner, who was out on bond at the time, did not appear when his case was called. Attorney Lawlor made an oral request to withdraw as the petitioner's counsel, stating that the petitioner had not appeared at the courthouse that day and that, despite his repeated efforts, he had not been able to get in touch with the petitioner since his court appearance on April 29, 2009. The court granted from the bench Attorney Lawlor's oral request to withdraw "based on the breakdown of the attorney/client relationship." Later that day, the petitioner arrived at the courthouse and the court informed him of Attorney Lawlor's withdrawal and that, by his next court date of July 1, 2009, he needed either to talk to Attorney Lawlor or to

---

[4] General Statutes § 53a-59 (a) (2) provides in relevant part: "A person is guilty of assault in the first degree when . . . with intent to disfigure another person seriously and permanently, or to destroy, amputate or disable permanently a member or organ of his body, he causes such injury to such person or to a third person . . . ."

retain a new attorney. There was no discussion of the plea offer during the foregoing June 2, 2009 hearings.

Thereafter, the petitioner was given several court dates by which to return to court with a new attorney or to renew his relationship with Attorney Lawlor. The petitioner failed to do so, and Attorney Edgington subsequently was reappointed to represent the petitioner. The habeas court found that a plea offer was available to the petitioner while Attorney Edgington represented him and that Attorney Edgington advised him to accept it, but on December 7, 2009, the petitioner chose to reject the offer and proceed to trial. See footnote 8 of this opinion.

Following a jury trial, the petitioner was convicted of assault in the first degree in violation of § 53a-59 (a) (1). *State* v. *Clark*, supra, 137 Conn. App. 206. The trial court, *Espinosa, J.*, sentenced the petitioner to twenty years of incarceration and issued a standing criminal restraining order (as formerly named). Id. The petitioner appealed from the judgment of conviction; this court reversed the judgment only as to the issuance of the restraining order and affirmed the judgment in all other respects. Id., 215. Our Supreme Court affirmed the judgment of this court. *State* v. *Clark*, 314 Conn. 511, 513, 103 A.3d 507 (2014).

Thereafter, on July 21, 2015, the petitioner commenced the present habeas action. In his June 9, 2022 second amended habeas petition (operative habeas petition), the petitioner asserted three claims. In counts one and two, he alleged that his trial counsel, Attorney Edgington, rendered ineffective assistance during his plea negotiations and criminal trial. In count three, which is the subject of this appeal, the petitioner claimed that his "constitutional rights to due process and confrontation, as protected by the fifth, sixth, and

fourteenth amendments to the United States constitution, and article first, §§ 8 and 9, of the Connecticut constitution were violated" in his underlying criminal case. In support of this claim, the petitioner alleged, inter alia, that (1) "[o]n June 2, 2009, during a pretrial hearing, the trial court granted Attorney Lawlor's oral request to withdraw from representing the petitioner," (2) "[t]he petitioner was not present prior to or at the time that the trial court granted Attorney Lawlor's oral request to withdraw from representing the petitioner," and (3) "[t]he petitioner received no prior notice of Attorney Lawlor's intent or request to withdraw." The petitioner argued that the court's granting of Attorney Lawlor's request to withdraw without him present constituted a violation of his constitutional rights because he "has a constitutional right to be present at all critical stages of his prosecution, including during any inquiries or hearings regarding defense counsel's desire to withdraw his appearance and cease representing the petitioner."

On June 7, 2022, the respondent, the Commissioner of Correction, filed a return either denying or leaving the petitioner to his proof as to the material allegations of his operative habeas petition. Additionally, as to count three, the respondent asserted procedural default and failure to state a claim as special defenses. That same day, the petitioner filed a reply rejecting the respondent's special defenses.

The matter was tried to the habeas court, *M. Murphy, J.*, on June 8 and July 19, 2022. Several exhibits were admitted and the court heard testimony from several witnesses: Attorney Edgington; Attorney Lawlor; Attorney Brett Salafia; Dr. Edward McDonough, a retired forensic pathologist and medical examiner; Attorney Brian Carlow; and the petitioner.[5] The respondent and the petitioner subsequently filed posttrial briefs.

---

[5] Attorney Salafia represented the state in some of the proceedings for the underlying criminal case, including pretrial proceedings and the criminal

On January 19, 2023, the court issued a memorandum of decision denying the operative habeas petition.[6] In rejecting counts one and two, the petitioner's ineffective assistance of counsel claims, the court concluded that the petitioner had failed to sustain his burden of establishing either deficient performance or prejudice.[7] With respect to the petitioner's third claim regarding his right to be present at all critical stages of a criminal proceeding, the court stated: "This court finds that the hearing at which Attorney Lawlor was permitted to withdraw as counsel did not constitute a critical stage in the petitioner's prosecution for purposes of a constitutional violation. The fairness of the hearing was not thwarted by the petitioner's absence and the petitioner's absence did not have a reasonably substantial relation to the fullness of his opportunity to defend himself

trial. Dr. McDonough and Attorney Carlow testified at the habeas trial as expert witnesses, and neither witness had any involvement in the petitioner's underlying criminal case.

[6] Prior to trial, on June 7, 2022, the respondent moved to dismiss the third count of the operative habeas petition on the grounds of (1) failure to state a claim upon which relief could be granted and (2) procedural default. On that same day, the petitioner filed an opposition to the respondent's motion to dismiss. On June 8, 2022, immediately prior to commencing trial, the court heard argument from both parties on the respondent's motion to dismiss and reserved its judgment.

In its January 19, 2023 memorandum of decision, the court denied the respondent's motion to dismiss before addressing the merits of the operative habeas petition. Specifically, the court determined that, "in taking the petitioner's allegations as true and interpreting the claim in the light most favorable to the petitioner, the petitioner has alleged a claim upon which relief can be granted." In denying the motion, the court did not address the respondent's arguments regarding procedural default.

[7] "In *Strickland* v. *Washington*, [466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)], the United States Supreme Court established that for a petitioner to prevail on a claim of ineffective assistance of counsel, he must show that counsel's assistance was so defective as to require reversal of [the underlying] conviction . . . . That requires the petitioner to show (1) that counsel's performance was deficient and (2) that the deficient performance prejudiced the defense." (Internal quotation marks omitted.) *Cunningham* v. *Commissioner of Correction*, 195 Conn. App. 63, 66, 223 A.3d 85 (2019), cert. denied, 334 Conn. 920, 222 A.3d 514 (2020).

against prosecution on the assault charges. The petitioner was promptly notified by the court of Attorney Lawlor's withdrawal and was given ample opportunity to find substitute counsel. When the petitioner failed to do so, the court assigned counsel [Attorney Edgington] to represent him. As a result, [count three] must be denied." Thereafter, the court granted the petitioner's petition for certification to appeal, and this appeal followed.[8]

The petitioner claims that the habeas court erred in concluding that (1) the June 2, 2009 proceeding in the underlying criminal matter, during which the trial court allowed Attorney Lawlor to withdraw from representing him upon an oral motion, was not a critical stage of his prosecution and (2) his due process rights under the fifth, sixth, and fourteenth amendments to the United States constitution, and article first, §§ 8 and 9, of the Connecticut constitution were not therefore violated.[9] This claim fails.

Because the petitioner challenges the habeas court's conclusion, which was premised on factual findings,

[8] As relief, the petitioner seeks to have the plea offer, the terms of which provided that he would plead guilty to assault in the second degree in exchange for three years of incarceration followed by two years of special parole, restored. The petitioner does not argue that a better plea offer was available to him when Attorney Lawlor represented him and, in fact, during oral argument before this court, the petitioner's counsel represented that the plea offer that was available while Attorney Edgington represented the petitioner was the same plea offer that was extended to him prior to Attorney Lawlor's withdrawal, and this assertion went unrebutted.

[9] To the extent that the petitioner also claims on appeal that the trial court, *Alexander, J.*, erred in allowing Attorney Lawlor's withdrawal on the ground that he did not follow the requirements of Practice Book §§ 3-9 and 3-10, we decline to review this claim because it was not raised in the operative habeas petition or decided by the habeas court. See *VanDeusen* v. *Commissioner of Correction*, 212 Conn. App. 427, 452, 275 A.3d 215 ("[a] reviewing court will not consider claims not raised in the habeas petition or decided by the habeas court" (internal quotation marks omitted)), cert. denied, 345 Conn. 903, 282 A.3d 982 (2022).

"we first apply the clearly erroneous standard of review to [those] finding[s]. The habeas court is afforded broad discretion in making its factual findings, and those findings will not be disturbed [on appeal] unless they are clearly erroneous. . . . Thus, [t]his court does not retry the case or evaluate the credibility of the witnesses. . . . Rather, we must defer to the [trier of fact's] assessment of the credibility of the witnesses based on its firsthand observation of their conduct, demeanor and attitude. . . . The habeas judge, as the trier of facts, is the sole arbiter of the credibility of witnesses and the weight to be given to their testimony. . . . Thus, the court's factual findings are entitled to great weight. . . . Furthermore, [a] finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." (Footnote omitted; internal quotation marks omitted.) *Collins* v. *Commissioner of Correction*, 202 Conn. App. 789, 812, 246 A.3d 1047, cert. denied, 336 Conn. 931, 248 A.3d 1 (2021). Here, to the extent that the petitioner challenges the court's findings to support its conclusion that the hearing at which Attorney Lawlor was permitted to withdraw as counsel did not constitute a critical stage in the petitioner's prosecution for purposes of a constitutional violation, we conclude that such findings were not clearly erroneous because there was evidence in the record to support them.

"Whether the [petitioner's] constitutional rights were violated by his exclusion from the hearing presents a question of law and, accordingly, we exercise plenary review." *State* v. *Dixon*, 318 Conn. 495, 511, 122 A.3d 542 (2015); see also *State* v. *Pierre*, 277 Conn. 42, 92, 890 A.2d 474 ("[t]he defendant challenges the trial court's legal conclusion that the critical stage triggering

the protections of the sixth amendment did not occur until the information was filed and the defendant was charged at his arraignment"), cert. denied, 547 U.S. 1197, 126 S. Ct. 2873, 165 L. Ed. 2d 904 (2006).

"It is undisputed that a defendant has a constitutional right to be present at all critical stages of the trial. . . . The constitutional right to presence is rooted to a large extent in the [c]onfrontation [c]lause of the [s]ixth [a]mendment . . . but . . . [that] right is protected by the [d]ue [p]rocess [c]lause in some situations where the defendant is not actually confronting witnesses or evidence against him. . . . In judging whether a particular segment of a criminal proceeding constitutes a critical stage of a defendant's prosecution, courts have evaluated the extent to which a fair and just hearing would be thwarted by [the defendant's] absence or whether his presence has a relation, reasonably substantial, to the [fullness] of his opportunity to defend against the charge. . . . Thus, a defendant is guaranteed the right to be present at any stage of the criminal proceeding that is critical to its outcome if his presence would contribute to the fairness of the procedure. . . .

"Although some courts have held that a defendant has a right to be present even when questions of law are discussed . . . the better view would seem to be that there is no such absolute right . . . especially when . . . the question of law is argued prior to the selection of the jury and the commencement of trial. . . . The question should be whether the defendant's presence bears a relation, reasonably substantial, to his opportunity to defend. . . . [T]he exclusion of a defendant from a proceeding should be considered in light of the whole record." (Citations omitted; internal quotation marks omitted.) *State* v. *Ralph B.*, 162 Conn. App. 583, 595–96, 131 A.3d 1253 (2016). In the context of claims sounding in ineffective assistance of counsel,

"[o]ur Supreme Court has recognized that pretrial negotiations implicating the decision of whether to plead guilty constitute a critical stage in criminal proceedings and that plea bargaining is an integral component of the criminal justice system." *Shefelbine* v. *Commissioner of Correction*, 150 Conn. App. 182, 186, 90 A.3d 987 (2014).

For the reasons that follow, we reject the petitioner's argument that, because the June 2, 2009 "hearing was scheduled for the petitioner to either accept or reject the state's plea offer," the habeas court erred in concluding that the June 2, 2009 proceeding was not a critical stage of his prosecution.[10] The habeas court expressly concluded, and we agree, that the June 2, 2009 proceeding "did not constitute a critical stage in the petitioner's prosecution for purposes of a constitutional violation." Although June 2, 2009, was originally scheduled to be a so-called "accept or reject" date, because the petitioner failed to appear at that hearing, the nature of the hearing entirely changed. The June 2, 2009 transcript reveals that nothing occurred with respect to the pending plea offer, and, in fact, that offer remained available after the withdrawal of Attorney Lawlor and the reappointment of Attorney Edgington.

_____

[10] Insofar as the petitioner argues that the June 2, 2009 proceeding constituted a critical stage of his prosecution because "the hearing evolved into a procedure in which [Attorney Lawlor] made a request to withdraw which was granted," we disagree. The sixth amendment "does not provide an inexorable right to representation by a criminal defendant's preferred lawyer"; (internal quotation marks omitted) *State* v. *Dijmarescu*, 182 Conn. App. 135, 143, 189 A.3d 111, cert. denied, 329 Conn. 912, 186 A.3d 707 (2018); and a defendant's sixth amendment right to counsel of choice is not implicated by a motion to withdraw from representation. Id., 143–44. "In circumstances in which a defendant's private attorney seeks to withdraw from representing the defendant . . . all the sixth amendment demands is a reasonable opportunity to retain new counsel . . . ." (Internal quotation marks omitted.) Id., 143 n.5. In the present action, the court found that "[t]he petitioner was promptly notified by the court of Attorney Lawlor's withdrawal and was given ample opportunity to find substitute counsel," a finding that the petitioner does not challenge on appeal.

See footnote 8 of this opinion. In short, because the June 2, 2009 proceeding had no effect on the petitioner's ability to accept or reject the plea offer, the habeas court properly determined that it was not a critical stage of the petitioner's prosecution and, therefore, the petitioner's due process rights were not violated.

The judgment is affirmed.

In this opinion the other judges concurred.